580 P.2d 1231

WESTINGHOUSE ELECTRIC SUPPLY
COMPANY, a division of Westinghouse
Electric Corp., Appellant,

v.

WESTERN SEED PRODUCTION CORP.,
an Arizona Corporation, Appellee.

No. 1 CA–CIV 3606.

Court of Appeals of Arizona,
Division 1,
Department B.

May 9, 1978.

Rehearing Denied June 12, 1978.

Review Denied July 11, 1978.

Marks, Shea & Wilks by Richard B. Wilks, James Patterson, Phoenix, for appellant.

Allen, McClennen & Fels by John V. Fels, Phoenix, for appellee.

## OPINION

JACOBSON, Judge.

The basic legal issue presented by this appeal is whether a lien claimant obtains a valid lien when its claim of lien only encompasses a portion of the property sought to be charged.

Westinghouse Electric Supply Company (Westinghouse) brought an action to foreclose a materialman's lien on property leased by Western Seed Production Company (Western Seed). The parties entered into an agreed statement of facts and based upon that agreed statement filed cross-motions for summary judgment. The trial court granted summary judgment in favor of Western Seed, denying the validity of the Westinghouse lien, and Westinghouse has appealed.

The agreed statement of facts shows that Western Seed has a leasehold interest in real property located in the vicinity of 107th Ave. and Buckeye Road in Maricopa County, Arizona. Located on that leased property is a corrugated steel building approximately 258 feet by 135 feet in size. In May, 1973, Western Seed entered into a contract with Edward J. Stanford, doing business as Stanford Company Electrical for the installation of electrical equipment in that steel building. In the course of performing that contract, Stanford purchased certain equipment and materials from Westinghouse and installed it in that building. Westinghouse was never paid. Westinghouse subsequently timely filed and served upon Western Seed a notice and claim of lien. The description contained in the notice and claim of lien was as follows:

"That certain parcel of land containing a corrugated steel building on a parcel of land approximately 250 feet by 150 feet located as follows:

[legal metes and bounds description set forth]"

In fact, the metes and bounds description only encompassed the east 40 feet of the building, in which was located material furnished by Westinghouse having a value of $302.00. Westinghouse's total billing was $10,184.25. Moreover, the notice and claim of lien referred to the contractor Stanford as a corporation, when in fact the contractor was a sole proprietorship.

The materials were supplied by Westinghouse in May, 1973, but its notice and claim of lien was not recorded until January 11, 1974. In May, 1973, A.R.S. § 33–993(1) provided that the notice and claim of lien contain:

"A description of the lands and improvements to be charged with a lien sufficient for identification."

The legislature amended A.R.S. § 33–993 in 1973 to provide that the notice and claim of lien contain:

"The legal description of the lands and improvements to be charged with a lien."

The 1973 legislation contained the following saving clause:

"This act does not affect any construction, alteration, repair or improvement as to which labor or the furnishing of materials is commenced prior to the effective date of the act. [August 8, 1873]" 1973 Ariz.Sess.Laws, ch. 140 § 4.

■ Western Seed first argues that the 1973 amendment should control in this matter, in spite of the saving clause, on the theory that this clause is only applicable to the protection of a vested right. We reject this reasoning. The language of the saving clause is clear that the amendments do not "effect any . . . furnishing of materials . . . commenced prior to the effective date of this act." To hold as urged by Western Seed would do violence to this clear expression. We hold the language of the statute prior to its amendment is controlling here.

The next issue presented is whether a notice and claim of lien which contains a metes and bounds description but only succeeds in describing a portion of the property sought to be charged is a description "sufficient for identification" so as to validate the lien for the balance of the property.[1]

The general rule regarding the term "sufficient for identification" is that the description is valid:

"If there appears enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others . . . ." *Powers v. Brewer*, 238 Ky. 579, 584, 38 S.W.2d 466, 469 (1931), quoting Phillips on Mechanic's Liens § 379; *See also, Donkle & Webber Lumber Co. v. Rehrmann*, 310 Ill.App. 17, 33 N.E.2d 709 (1941).

■ We agree with Western Seed that "a party familiar with the locality" does not apply exclusively to the owner of the premises, and the fact that the owner had knowledge that the description set forth applied to his property is not controlling. *Powers v. Brewer, supra.* Rather, the test to be applied is whether a stranger to the underlying transaction, based upon the description contained in the notice and claim of lien and their general knowledge of the area, could ascertain the property to which the lien attached. *Ackerson v. Albuquerque Lumber Co.*, 38 N.M. 191, 29 P.2d 714 (1934).

Western Seed has cited to us several cases involving the situation where the lien notice accurately describes only a portion of the property sought to be liened, for example, where work was performed on two city lots and the notice of lien describes only one lot.[2]

These cases generally hold that where the notice of lien accurately describes only a portion of the property sought to be liened, the law will not suppose that the balance of the property likewise was to be subject to the lien and therefore the lien attaches only to the portion described.

1. It is recognized that Westinghouse only seeks to have its lien attached to Western Seed's leasehold interest in the entire building and underlying land.

2. See, L. A. Storch & Co. v. Marginal Realty Corp., 109 Misc. 669, 180 N.Y.S. 611 (1919); General Electric Co. v. Mori, 201 N.Y.S. 561 (1923); Blackman-Shapiro Co., Inc. v. Salzberg, 8 Misc.2d 972, 168 N.Y.S.2d 590 (1957).

Westinghouse, on the other hand, relies on cases where the notice of lien contains a misdescription of the property, but has sufficient additional information to sufficiently describe the premises sought to be charged. An example of this type of case is *James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 517 P.2d 1110 (1973) which held that although the legal description contained in the notice and claim of lien was improper where the notice also contained a street address which was correct, the description was sufficient. *See also, Boone v. Smith*, 79 N.M. 614, 447 P.2d 23 (1968).

In our opinion, Westinghouse's notice and claim of lien, while not completely analogous to either type of case, is more closely aligned with the misdescription cases typified by *James Weller, Inc. v. Hansen, supra.* Here, the notice and claim of lien of Westinghouse contains a metes and bounds description which enclosed and does describe a piece of real property located in Maricopa County. It includes, however, property not even leased by Western Seed. In this sense, since it purports to describe the leasehold of Western Seed, it is a misdescription. It does, nevertheless, touch and describe a portion of that leasehold—the easterly 40 feet. It also describes the property as being a corrugated steel building.

A stranger to this transaction taking the metes and bounds description provided by the notice and claim of lien and going out on the land itself would find the easterly 40 feet of a corrugated steel building. Since this is the only corrugated steel building touched by this description, in our opinion, the stranger could "identify the premises intended to be described with reasonable certainty to the exclusion of others," that is, the steel corrugated building leased by Western Seed.

■■ From this analysis, it is apparent that Westinghouse's notice of claim and lien contained "a description of the lands . . sufficient for identification" under former A.R.S. § 33–993(1). In this regard, we agree with the reasoning of *Hurley v. Tucker*, 128 App.Div. 580, 584, 112 N.Y.S. 980, 984 (1908), *aff'd* 198 N.Y. 534, 92 N.E. 1087 (1910):

"The notice must be sufficient in itself to identify the property . . . and that evidence dehors cannot be received to supply a deficiency in that regard [citation omitted]; but if the property be sufficiently identified in the notice, evidence of its exact dimensions may be received upon the trial so as to enable a proper decree to be drawn."

Western Seed also contends that the notice and claim of lien refers to the contractor as a corporation when in fact, at the time the work was performed, he was an individual and this misdescription invalidates the lien.

A.R.S. § 33–993(2) provides that the notice and claim of lien contain ". . . the name of the person by whom the lienor was employed or to whom he furnished materials."

■ Unlike the description requirement of the notice and claim of lien, this provision is primarily for the benefit of the owner in order that he can "investigate the claim and determine whether it is a proper charge." *Peterman-Donnelly Engineers & Contractors Corp. v. First National Bank of Arizona*, 2 Ariz.App. 321, 408 P.2d 841 (1966); *Peccole v. Luce & Goodfellow, Inc.*, 66 Nev. 360, 212 P.2d 718 (1949). Here, the notice described the contractor as Stanford Company Electrical, a corporation, when in fact, Western Seed had contracted with Edward J. Stanford, dba Stanford Company Electrical. In our opinion, the name used in the notice adequately identified Western Seed's contractor to enable Western Seed to adequately investigate the bona fides of the claimed lien. In this regard, Western Seed admits it was not misled by this misdescription. We hold the misnomer is not fatal to the validity of the lien.

Based on the foregoing, the judgment of the trial court is reversed and the matter

remanded with directions to proceed with the foreclosure of the Westinghouse lien upon Western Seed's leasehold interest.

EUBANK, P. J., and OGG, J., concur.