634 P.2d 962

**SMITH PIPE & STEEL COMPANY, an Arizona Corporation, Appellant,**

v.

**William A. MEAD, Trustee under Trust dated December 1, 1972, Appellee.**

No. 15331.

Supreme Court of Arizona,
En Banc.

Oct. 7, 1981.

Kaplan, Jacobowitz, Hendricks & Bosse by Henry Jacobowitz, Phoenix, for appellant.

Abrams & Schenk by Kenneth L. Abrams and Ronald M. Horwitz, Phoenix, for appellee.

HAYS, Justice.

This is an action by Smith Pipe & Steel Co. (hereinafter "Smith") to foreclose a materialman's lien on certain property held in trust by William A. Mead. The Superior Court granted Mead's motion for summary judgment and Smith appeals. We take jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 19(e).

The facts pertinent to this appeal are brief and undisputed. Mead was a trustee for a trust which owned adjacent parcels of real property in Maricopa County. Smith sold and furnished construction materials to Flood Plumbing Company, a licensed plumbing subcontractor, for use in the construction of structures and improvements on the *south* parcel of the adjacent lots. Flood completed the work but subsequently went bankrupt and failed to pay Smith for the materials. Smith then recorded a Notice and Claim of Lien under the provisions of A.R.S. § 33–993. The Notice and Claim of Lien, however, gave the legal description of the *north* parcel, instead of the south parcel upon which the improvements were made. After Smith filed a complaint to foreclose the lien, Mead moved for summary judgment arguing that the erroneous description rendered the lien invalid. The

trial court agreed and granted Mead's motion.

The sole issue presented is whether a lien claimant may perfect a materialman's lien where the Notice and Claim of Lien contains an erroneous legal description.

Smith contends that the erroneous description was sufficient to give notice to Mead which parcel was intended to be impressed with the lien. In making this argument, reliance is placed upon the familiar rule that the Arizona Mechanics' and Materialmen's Lien Statutes are to be liberally construed in favor of laborers and materialmen. Because the record is devoid of any indication that Mead was prejudiced by the erroneous legal description and no third-party rights were involved, Smith concludes that a liberal construction of the statute requires a finding that the lien was valid.

With regard to the content of the lien, the Court of Appeals has held that former A.R.S. § 33–993 * did not require that the lien claim accurately describe the legal description of the property involved. *Westinghouse Electric Supply Co. v. Western Seed Production Corp.*, 119 Ariz. 377, 580 P.2d 1231 (App.1978); *James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 517 P.2d 1110 (1973). In 1973, however, the legislature amended § 33–993 to provide that the notice and claim of lien contain "[t]he *legal description* of the lands and improvements to be charged with a lien." (Emphasis added.) In light of this change, Mead submits that Smith has not achieved even substantial compliance with the statute's "legal description" requirement in that the legal description contained in its Notice and Claim of Lien is "unambiguously erroneous" and fails to describe the correct parcel of property. We agree.

The 1973 amendment to § 33–993(1) clarifies the manner in which the property to be charged with the lien is to be describ-

ed. The inexact provision under former § 33–993(1), "[a] description . . . sufficient for identification" did not give any indication whether a legal description, street address, or physical description of the land or improvements would suffice. The amended version, however, removed this obvious ambiguity by requiring a legal description to be used when describing the property to be charged with the lien. Significantly, the legislature not only added the legal description requirement, but at the same time omitted the "sufficient for identification" language from the old statute. We believe this reflects a legislative intent that substantial compliance with the legal description requirement is necessary in order to perfect a lien. As was aptly stated by the Supreme Court of Idaho in a case with virtually identical facts, "[a]lthough the rule may be different with regard to a description which is merely loose, vague, or ambiguous, where the real property description in a mechanic's lien claim notice is 'unambiguously erroneous' and describes with exactitude the wrong parcel of real property, substantial compliance is not achieved, and the claim of lien is invalid." *Ross v. Olson*, 95 Idaho 915, 917, 523 P.2d 518, 520 (1974). *See also Banco Mortgage Co. v. E. G. Miller Enterprises, Inc.*, 264 N.W.2d 399 (Minn.1978); *Hudson Demolition Co. v. Ismore Realty Corp.*, 62 A.D.2d 980, 403 N.Y.S.2d 327 (1978).

Judgment affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.

---

* Former A.R.S. § 33–993(1) provided that the notice and claim of lien contain "[a] description of the lands and improvements to be charged with a lien sufficient for identification."