725 P.2d 1110

**The COLUMBIA GROUP, INC., an Arizona corporation; Columbia Sand and Gravel, Inc., an Arizona corporation, Plaintiffs/Appellees,**

v.

**Douglas JACKSON dba Jackson Building Company; Drachman Business Park, a partnership; Stone & Drachman, Partners, Ltd., a limited partnership, dba Stone & Drachman Venture, a joint venture, Defendants/Appellants.**

**No. CV–86–0117–PR.**

Supreme Court of Arizona, En Banc.

Sept. 12, 1986.

Cameron, J., concurred in result.

Michael B. Mance, Tucson, for plaintiffs/appellees.

Haralson, Kinerk & Morey by Carter Morey, Tucson, for defendants/appellants.

HAYS, Justice.

Defendants/appellants, Douglas Jackson dba Jackson Building Co., *et al.*, petitioned this court to review an opinion of the court of appeals, 151 Ariz. 86, 725 P.2d 1120, which affirmed the trial court's grant of summary judgment in favor of plaintiffs/appellees Columbia Group, Inc., and Columbia Sand & Gravel Co., Inc. ("Columbia"). We granted review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24 and Rule 23, Ariz.R.Civ.App.P., 17A A.R.S. We affirm.

The three issues before us are: (1) whether preliminary notice of a materialmen's lien was properly addressed when mailed to the general contractor so as to preserve the materialmen's lien right even though there was no evidence of actual receipt; (2) whether A.R.S. § 33–992.01(B), providing for a preliminary 20–day notice, should be interpreted so that notice to

Jackson in one capacity (owner) is sufficient to give him notice in another capacity (contractor); and (3) whether foreclosure of this property without preliminary notice of a materialmen's lien violates due process.

## FACTS

Douglas Jackson dba Jackson Building Company was the general contractor on a project located at 50 West Drachman, Tucson. The real property at this address is owned by Stone & Drachman Partners, Ltd., and Drachman Business Park. Douglas Jackson is also one of the general partners of Drachman Business Park.

Douglas Jackson ("Jackson"), as general contractor, subcontracted concrete work on the project to Julman Construction Co. Julman, in turn, obtained its concrete from Columbia. It is undisputed that Jackson paid Julman for the concrete work. Julman, however, failed to pay Columbia for the materials.

In June, 1983, Jackson's business address changed from 4756 East Grant Road to 1525 North Miracle Mile in Tucson. A change of address card filed at the post office provided that all mail sent to Jackson at the Grant Road address would be forwarded to the new address for a period of one year.

In October, 1983, Columbia served the preliminary 20–day notice required by § 33–992.01(B) on Jackson, as the general contractor, Pima Savings and Loan, as the lender, Drachman Business Park and Stone & Drachman Partners, Ltd., dba Stone & Drachman Venture, as the owner, and Julman Contruction, as the debtor. At all relevant times, the owners and Jackson shared the same business address. Service was by first-class mail, with a certificate of mailing, and a proof of service was filed pursuant to § 33–992.02. None of the acknowledgments of notice were returned. *See* § 33–992.02.

Columbia filed suit against Julman on open account and against Jackson and the others to foreclose its materialmen's lien. The trial court granted summary judgment on the lien foreclosure, and Jackson, *et al.,* appealed. The court of appeals affirmed.

## PRELIMINARY NOTICE SENT TO PRIOR ADDRESS

■ Jackson contends that he was not properly served the statutory preliminary notice at his prior address of record as he never actually received the notice. This issue consists of two parts. First, regarding the notice sent to the prior address, the trial court found that service on the last recorded business address in Columbia's records was sufficient to satisfy the statutory requirement. This determination is within the discretion of the trial judge based on the particular facts involved. This court need only see if there is substantial evidence to support that determination. *See Odom v. First National Bank of Arizona,* 85 Ariz. 238, 336 P.2d 141 (1959). Here, the trial court found that the preliminary notice sent to the former address was proper under the circumstances of the case. It is uncontroverted that the post office was notified of Jackson's change of address and that his mail would be forwarded for a year after notification. Jackson admitted that he received several statements from Columbia addressed to the Grant Road address between September 30, 1983 and June 1984. Additionally, we agree with the trial court that evidence which showed Jackson had written his new address on a statement mailed to Columbia at the end of September is inconclusive that Columbia received it prior to October 7, 1983, the date that the notice was mailed. Accordingly, we find that the trial court's ruling as to service on Douglas Jackson was supported by substantial evidence.

## A.R.S. § 33–992.01(G) DOES NOT REQUIRE ACTUAL RECEIPT FOR SERVICE TO BE COMPLETE

■ Second, Jackson argues that he did not receive the preliminary 20–day notice and, therefore, the granting of summary judgment was improper. The trial court, however, found that service was complete

at the time of deposit of the mail and that actual receipt was immaterial. We agree.

Under § 33–992.01(B) certain persons who seek to claim a materialmen's lien "shall, as a necessary prerequisite to the validity of any claim of lien, serve the owner or reputed owner, the original contractor or·reputed contractor and the construction lender ... with a written preliminary twenty day notice as prescribed by this section." Subsection (G) sets forth the requirement for service of the notice:

> G. The notice required by this section may be served by delivering the notice personally, by leaving it at the residence or place of business of the person to be served with some person of suitable age and discretion then residing or working therein or by first class, registered or certified mail, postage prepaid, addressed to the person to whom notice is to be given at his residence or business address. *If service is made by first class, certified or registered mail, service is complete at the time of the deposit of such mail* (emphasis added).

By its choice of words, the legislature apparently intended for service to be complete "at the time of the deposit" in the mail. Had the legislature intended to require actual receipt of notice, it could have easily done so when the 1979 law was amended in 1983. Where, as here, the words of the statute are plain and unambiguous, we need not go outside the language of the statute itself for interpretation. *Ernst v. Collins*, 81 Ariz. 178, 181, 302 P.2d 941, 943 (1956). Although Jackson argues that actual receipt is required, it is the "mailing" and not the "receipt" which is conclusive proof of service for the purpose of § 33–992.02. Accordingly, the trial court properly found that actual receipt was immaterial in this case.

### NOTICE TO JACKSON AS OWNER PROVIDED ADEQUATE NOTICE TO JACKSON AS CONTRACTOR

■ Even if the preliminary notice sent to Jackson as the contractor at the Grant Road address had been insufficient,

Jackson still had proper notice in his capacity as an owner. Jackson not only was the general contractor on the 50 West Drachman project, but he was also a general partner of Drachman Business Park, a joint venture. Jackson and Drachman Business Park shared the same business address. Because each joint venturer is the principal and the agent of the others, service on any joint venturer is deemed service on all of the others. *James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 223, 517 P.2d 1110, 1114 (1973). In addition, Jackson's new address, the one he claims is the only correct address where he could have been properly served as the contractor, is exactly where the notice to the owners was sent: 1525 North Miracle Mile, Suite 105.

We have repeatedly held that the mechanics' and materialmen's lien statutes are remedial and are to be liberally construed in favor of materialmen. *Smith Pipe & Steel Co. v. Mead*, 130 Ariz. 150, 151, 634 P.2d 962, 963 (1981); *Kerr-McGee Oil Industries, Inc. v. McCray*, 89 Ariz. 307, 311, 361 P.2d 734, 736 (1961); *Leeson v. Bartol*, 55 Ariz. 160, 168, 99 P.2d 485, 489 (1940). Substantial compliance with the statutes, not inconsistent with the legislative purpose, is sufficient. *Peterman-Donnelly Engineers & Contractors Corp. v. First National Bank of Arizona*, 2 Ariz.App. 321, 323, 408 P.2d 841, 843 (1966). Here, the legislative purpose in enacting § 33–992.01(G), expressed during discussions prior to its enactment, was "to promote a fairer and more equitable system by allowing owners to have knowledge of those hitherto secret lien rights. *The intent was not to eliminate liens.*" Irvin, Thomas K., *Mechanics' and Materialmen's Liens: Major Modifications in Arizona Law*, 15 Ariz. Bar J., No. 5, 27, 38 Note 39 (Feb. 1980) (emphasis added).

■ By mailing out all the preliminary notices that were required, Columbia more than substantially complied with the statute. Jackson received preliminary notice as (1) an owner at the Miracle Mile address and (2) as a contractor at the Grant Street address. Under the statute, Jackson was

entitled to a preliminary 20–day notice, both as contractor and as owner, but he is not entitled to disregard the notice he received as an owner when he acts in his capacity as a contractor.

## DUE PROCESS

Jackson next argues that foreclosure of the property without notice violates his right to due process. In actuality, however, this case does not involve notice before foreclosure, but rather preliminary notice before filing a "Notice and Claim of Lien."

 The United States Supreme Court has addressed the constitutionality of lack of notice before the filing of mechanics' liens only indirectly by its summary affirmance of *Spielman-Fond, Inc. v. Hanson's Inc.*, 379 F.Supp. 997 (D.Ariz.1973), *aff'd*, 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974). A summary affirmance, nevertheless, has appropriate precedential value. *Mandel v. Bradley*, 432 U.S. 173, 180, 97 S.Ct. 2238, 2242, 53 L.Ed.2d 199 (1977). Indeed several federal and state courts have given great weight to the affirmance of *Spielman-Fond*. *E.g., In the Matter of Northwest Homes of Chehalis, Inc. v. Weyerhaeuser Co.*, 526 F.2d 505 (9th Cir. 1975), *cert. denied*, 425 U.S. 907, 96 S.Ct. 1501, 47 L.Ed.2d 758 (1976), *B & P Development v. Walker*, 420 F.Supp. 704 (W.D. Penn.1976); *Bankers Trust Co. v. El Paso Pre-Cast Co.*, 192 Colo. 468, 560 P.2d 457, 461–462 (1977). Therefore, we regard the holding of *Spielman-Fond* as particularly instructive. In *Spielman-Fond*, the Court held that the filing of a mechanics' and materialmen's lien did not "amount to a taking of a significant property interest, and that, accordingly, A.R.S. § 33–981, *et seq.*, are not violative of due process of law under the fourteenth amendment for failing to provide for notice and hearing *prior* to the filing of the lien." *Spielman-Fond, Inc.*, 379 F.Supp. at 999–1000. The Court found that the liens did nothing more than "impinge upon economic interests of the property owner" and, as such, did not prevent sale of the property to a willing buyer. *Id.* at 999.

Before the 1979 amendments, Arizona statutes did not provide for any notice at all before the filing of a materialmen's lien. The constitutionality of those statutes was, however, upheld in *Spielman-Fond* against a claim that no notice violated due process. Since there is no violation of due process in the filing of a lien without notice, there can be no violation of due process if the preliminary notice is merely inadequate. Furthermore, all parties were served with process before any rights in the property were significantly affected. Thus, Jackson's due process argument must fail.

The opinion of the court of appeals is approved.

HOLOHAN, C.J., and GORDON, V.C.J., concur.

CAMERON, Justice, specially concurring:

I concur in the result.

FELDMAN, J., did not participate in the determination of this matter.