834 P.2d 827

**HARTFORD ACCIDENT & INDEMNITY COMPANY, a Connecticut corporation, Plaintiff–Appellant,**

v.

**FEDERAL INSURANCE COMPANY, a New Jersey corporation, Defendant–Appellee.**

**No. 1 CA–CV 90–376.**

Court of Appeals of Arizona, Division 1, Department E.

July 21, 1992.

---

4. Retired Judge Melvyn T. Shelley was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 20, of the Arizona Constitution and A.R.S. section 38–813 (1985).

Jennings, Kepner & Haug by Robert O. Dyer, Jeff R. Wilhelm, Phoenix, for plaintiff-appellant.

Robbins & Green, P.A. by Henry Jacobowitz, Phoenix, for defendant-appellee.

## OPINION

EUBANK, Judge.

Hartford Accident & Indemnity Company ("Hartford") appeals from the trial court's order, granting summary judgment in favor of Federal Insurance Company ("Federal"). We reverse and remand to the trial court for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On September 28, 1984, Tibshraeny Brothers Construction, Inc. ("TBC") became the prime contractor for the construction of certain additions to a Phoenix medical center complex. Federal provided TBC with a payment bond in order to comply with A.R.S. § 33–1003. The prime contract and the payment bond were recorded in Maricopa County on November 7, 1984.

On October 3, 1984, TBC subcontracted with Valley Mechanical, Inc. ("VMI") to perform labor and furnish materials for certain plumbing work on the project. Hartford provided the subcontractor with a performance and payment bond. VMI later experienced financial difficulties and required financial assistance from Hartford to complete its subcontract. Hartford then entered into a takeover agreement with Arizona Mechanical Industries, Inc. ("AMI"), a replacement contractor and TBC, wherein AMI agreed to take over and complete VMI's subcontract. TBC also consented to the takeover agreement and agreed to pay Hartford the undisputed subcontract price pursuant to the terms of the contract documents. Hartford continued to financially assist AMI until March 29, 1987. After March 29, 1987, AMI worked on the project without Hartford's financial backing. Later, TBC determined that, subject to certain set-offs, Hartford was entitled to $84,593.07. TBC failed to pay Hartford this undisputed amount and also refused to pay Hartford certain disputed amounts, totalling in excess of $200,000.

On April 21, 1988, Hartford filed a complaint against TBC. Count One of the complaint alleged breach of contract, and Count Two alleged breach of implied warranty. On December 7, 1988, with leave of the court, Hartford amended its complaint to include Federal as a co-defendant. On the same date, Hartford also added Count Three, a claim on Federal's payment bond.

On June 28, 1989, Federal moved for summary judgment on Count Three, claiming that the payment bond was invalid, because the bond failed to comply with all of the technical requirements of A.R.S. § 33–1003. In addition, Federal alleged that, if its payment bond were considered a valid statutory bond, Hartford's claim for payment on the bond was barred by the one-year statute of limitations pursuant to A.R.S. § 34–223(B). Hartford contended that Federal's payment bond should not be considered invalid, but should be construed as a common law bond instead. In addition, Hartford asserted that the applicable statute of limitations should be two years pursuant to A.R.S. § 20–1115, rather than one year pursuant to A.R.S. § 34–223(B). Therefore, Hartford contended that its claim was not time-barred. Finally, Hartford argued that, if Federal's payment bond is considered to be a valid statutory bond, Federal should not be able to enforce the applicable one-year statute of limitations.

On August 10, 1989, the trial court granted Federal's motion for summary judgment. First, the trial court noted that both Hartford and Federal agreed that Federal's payment bond did not meet all of the technical requirements of A.R.S. § 33–1003. Second, the court stated that "[p]ublic policy should not permit a surety to avoid its undertakings because of circumstances related to the word crafting of [Federal's] anti-lien bond." Third, the court concluded that, because Federal's payment bond was intended to satisfy the requirements of the anti-lien statute and because the terms of the bond provided for statutory compliance, Federal's bond must be considered a statutory bond pursuant to A.R.S. § 33–1003.

Fourth, the trial court stated that, because Federal's bond is a statutory bond, any claimants must file suit within the one-year statute of limitations provided in A.R.S. § 34–223(B). According to the court, the evidence showed that AMI last provided materials subject to Hartford's takeover bond on March 29, 1987. Further, Hartford's amended complaint on Federal's payment bond was not filed until December 7, 1988. Thus, because Hartford failed to file its suit on Federal's payment bond within the one-year statute of limitations, the court found that Hartford's claim was time-barred. Thus, the court dismissed Hartford's claim on Federal's payment bond.[1]

On February 27, 1990, the trial court entered final judgment in favor of Federal, dismissing Hartford's claim on Federal's payment bond with prejudice. Hartford filed a timely appeal. This court has jurisdiction pursuant to A.R.S. § 12–2101(B).[2]

## ISSUES ON APPEAL

On appeal, Hartford alleges that the trial court erred by granting Federal's motion for summary judgment for its claim on Federal's payment bond. Specifically, Hartford raises two issues:

1. Did the trial court err by determining that Federal's payment bond is a valid

---

1. Hartford also moved for partial summary judgment to recover the undisputed amount of $84,593.07, plus accrued interest since March 29, 1987. Federal argued that Hartford did not accept this amount when it was offered to Hartford and that it was legally entitled to set-off amounts. The trial court granted Hartford's motion for partial summary judgment for $84,-593.07. The court, however, also stated that this amount was subject to set-offs, if TBC could prove that there were any set-offs. Although the court also requested that Hartford submit a formal written order for the court's approval, our review of the record indicates that the only signed order makes no reference to Hartford's motion for partial summary judgment, but only states that Federal's motion for summary judgment was granted, thereby dismissing Hart-

ford's claim on the payment bond with prejudice.

2. On July 24, 1990, Hartford requested that this court temporarily suspend this appeal and revest jurisdiction in the trial court, so that the trial court could hear Hartford's Motion to Set Aside the Judgment entered in favor of Federal. On August 1, 1990, we entered an order stating that Hartford could "delay the filing of its opening brief until such time as this court [had] heard and considered the Application to Temporarily Suspend Appeal." Because no order was ever entered on Hartford's motion, we now deny Hartford's motion and address the issues raised in this appeal.

statutory bond pursuant to A.R.S. § 33–1003, instead of a common law bond?

2. Assuming that Federal's payment bond is a valid statutory bond, did the trial court err by determining that the applicable one-year statute of limitations under A.R.S. § 34–223(B) is enforceable?

Because we reverse and remand on the first issue raised, we do not need to consider the second issue.

## STANDARD OF REVIEW

In reviewing the granting of a motion for summary judgment, we must view the facts in a light most favorable to the party opposing the judgment. *Grain Dealers Mut. Ins. Co. v. James*, 118 Ariz. 116, 118, 575 P.2d 315, 317 (1978); *In re Estate of Kerr*, 137 Ariz. 25, 29, 667 P.2d 1351, 1355 (App.1983). Further, we must reverse and remand for a trial on the merits if such a review reveals that reasonable inferences about material facts could be resolved in favor of either party. *United Bank of Arizona v. Allyn*, 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App.1990). In addition, we review *de novo* issues of statutory interpretation, because these issues are issues of law. *Arizona State Bd. of Accountancy v. Keebler*, 115 Ariz. 239, 241, 564 P.2d 928, 930 (App.1977).

## DISCUSSION

Hartford alleges that the trial court erred by finding that Federal's payment bond was a statutory bond pursuant to A.R.S. § 33–1003, because the bond itself did not satisfy the applicable statutory requirements. Because Federal's payment bond failed to satisfy the technical requirements of a statutory bond, Hartford argues that Federal's payment bond should be construed as a common law bond. Finally, Hartford contends that, as a common law bond, the payment bond is subject to a two-year statute of limitations pursuant to A.R.S. § 20–1115, rather than a one-year statute of limitations pursuant to A.R.S. § 34–223(B). Therefore, Hartford requests that we reverse the trial court's dismissal of its claim on Federal's payment bond, because Hartford filed its claim within the applicable two-year statute of limitations.

Federal argues that the trial court correctly held that its payment bond was a statutory bond pursuant to A.R.S. § 33–1003. It essentially alleges that the language of the bond indicates that the bond was intended by the parties to satisfy all of the technical requirements of a statutory bond. Contradicting its prior assertions in its motion for summary judgment, Federal then states that its payment bond does meet all of the requirements of A.R.S. § 33–1003, and it contends in a footnote that "[o]nly the protection to the owner is cast in doubt by the owner's failure to attach the legal description of the land to be improved to the recorded contract, as is required by subsection B, of A.R.S. § 33–1003." Federal also asserts that its payment bond should not be construed as a common law bond. Thus, Federal argues that the trial court correctly determined that its payment bond was a statutory bond, with a one-year statute of limitations. Moreover, it contends that Hartford failed to file its claim on the bond within the applicable one-year statute of limitations, and therefore the trial court properly dismissed Hartford's claim.

In relevant part, section 33–1003 provides as follows:

A. *Every owner of land, including any person who has a legal or equitable interest therein, who enters a contract requiring any person to perform labor or professional services or to furnish materials, machinery, fixtures or tools in the construction, alteration or repair of any building, or other structure or improvement on such land, may avoid the lien provisions of § 33–981 pertaining to agents by requiring the person with whom he contracts to furnish a payment bond prior to or at the time of execution of such contract.* Upon recordation of the payment bond together with a copy of such contract in the office of the county recorder, in the county in which the land is located, no lien shall thereafter be allowed or recorded by the person claiming a lien against the land on which the labor or profession-

al services are performed or the materials, machinery, fixtures or tools furnished, as provided in this article, except by the person who contracts, in writing, directly with the owner.

B. A payment bond furnished pursuant to subsection A of this section shall be in a sum equal to the full amount of the contract between the owner and the person with whom the owner contracts, and shall be solely for the protection of claimants performing labor or professional services or furnishing materials, machinery, fixtures or tools to such person or his subcontractor in the prosecution of his work provided for in such contract. *The bond shall be conditioned in accordance with the provisions of § 34–223, subsections A and B. The contract recorded with the bond shall contain a legal description of the land on which the work is being or is to be performed.*

A.R.S. § 33–1003(A), (B) (1990) (emphasis added). Section 34–223(A) permits a claimant to sue on a payment bond for the amount unpaid at the time of the institution of such suit. *Id.* § 34–223(A). Section 34–223(B) provides as follows:

B. Every suit instituted under this section shall be brought in the name of the claimant, *but no such suit shall be commenced after the expiration of one year from the date on which the last of the labor was performed or materials were supplied by him.*

*Id.* § 34–223(B) (emphasis added).

In the record, both Hartford and Federal admit that Federal's payment bond did not comply with all of the technical requirements of A.R.S. § 33–1003. First, the contract that was recorded with the bond did not contain a legal description of the improved property. Second, the bond was not furnished prior to or at the time of the execution of the prime contract. Because the first technical defect causes the bond to be an invalid statutory bond, we need not consider the second technical defect.

The trial court held that Federal's failure to comply with these statutory requirements does not invalidate Federal's payment bond. Instead, the trial court held

that Federal's payment bond was a valid statutory bond, because it was intended to be a statutory bond based on the language of the bond itself. We disagree.

Although there is no Arizona case law directly on point, we analogize to the statutory requirements for creating a valid mechanics' lien. Similar to the statutory provisions of A.R.S. § 33–1003, A.R.S. § 33–993 provides that notice and claim of lien must contain "[t]he legal description of the lands and improvements to be charged with a lien." A.R.S. § 33–993(A)(1) (1990). In *Smith Pipe & Steel Co. v. Mead,* 130 Ariz. 150, 151, 634 P.2d 962, 963 (1981) (*"Smith"*), the Arizona Supreme Court held that A.R.S. § 33–993(A)(1) "reflects a legislative intent that substantial compliance with the legal description requirement is necessary in order to perfect a [mechanics'] lien." In *Smith,* Mead was trustee of a trust that owned two adjacent parcels of real property. *Id.* at 150, 634 P.2d at 962. Smith Pipe & Steel Company furnished construction materials to a plumbing subcontractor to make improvements on the south lot. *Id.* Pursuant to A.R.S. § 33–993, Smith then recorded its Notice and Claim of Lien; however, instead of giving the legal description of the south parcel where the improvements were actually made, Smith gave the legal description of the north parcel. *Id.* After Smith filed its complaint to foreclose the lien, Mead moved for summary judgment, arguing that the lien was invalid because of the erroneous legal description. *Id.* The trial court granted Mead's motion for summary judgment. *Id.* at 150–51, 634 P.2d at 962–63. In affirming the trial court, the Arizona Supreme Court held that the claim of lien was invalid, because Smith had failed to substantially comply with the statutory requirement of the legal description. *Id.* at 151, 634 P.2d at 963.

Section 33–1003(B) also provides that "[t]he contract recorded with the bond shall contain a legal description of the land on which the work is being or is to be performed." A.R.S. § 33–1003(B) (1990). We hold that, in order for Federal to have a valid payment statutory bond, it must sub-

stantially comply with the statutory requirement that the contract recorded with the bond contain a legal description of the improved property. *See Smith*, 130 Ariz. at 151, 634 P.2d at 963. In this case, both Hartford and Federal admit that the contract recorded with the bond did not contain a legal description of the land where the improvements were being made. Thus, we conclude that Federal did not substantially comply with the legal description requirement and that Federal's payment bond was not a valid statutory bond pursuant to A.R.S. § 33–1003. Therefore, we reverse the trial court's erroneous finding that Federal's payment bond satisfied the statutory requirements of A.R.S. § 33–1003.

Because Federal's payment bond is not a valid statutory bond, the trial court also erred in finding that Hartford was subject to a one-year statute of limitations pursuant to A.R.S. § 34–223(B). Therefore, we remand to the trial court to determine Federal's relationship to Hartford as a result of its invalid statutory bond and to determine the applicable statute of limitations.

### CONCLUSION

For the foregoing reasons, we reverse the trial court's erroneous finding that Federal's payment bond is a statutory bond pursuant to A.R.S. § 33–1003. In addition, we remand to the trial court to determine Federal's relationship to Hartford as a result of its invalid statutory bond and to determine the applicable statute of limitations.

VOSS, P.J., and CLABORNE, J., concur.