NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

TODD WESTOVER, *Plaintiff/Appellant*,

*v.*

JAMES F. WEES, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0005
FILED 3-15-2018

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2016-090138
The Honorable David King Udall, Judge

**AFFIRMED**

———————————————

COUNSEL

McCarthy Law PLC, Scottsdale
By Kevin F. McCarthy, Cy Treven Hainey
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson, PC, Phoenix
By Donald Wilson, Jr., Brian Holohan
*Counsel for Defendants/Appellees*

———————————————

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

———————————————

**J O N E S**, Judge:

¶1        Todd Westover appeals the trial court's entry of summary judgment in favor of Appellees (collectively, Wees).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In January 2016, Westover filed a complaint against Wees alleging he committed legal malpractice by failing to timely appeal an adverse ruling regarding child support in a domestic relations matter.  Shortly after Wees answered the complaint, Westover filed a certification pursuant to Arizona Revised Statutes (A.R.S.) § 12-2602(A),[1] stating that expert witness testimony was not necessary to prove the attorney's standard of care or liability.  Both parties moved for summary judgment.

¶3        After the matters were fully briefed and oral argument held, the trial court issued an under advisement ruling, finding Westover's malpractice claim failed for two reasons.  First, the court found Westover could not prove Wees caused him damages because the thirty-day time to appeal the child support ruling had not begun to run, as that ruling was not contained in a signed, final order.  *See Occhino v. Occhino*, 164 Ariz. 482, 484 (App. 1990) (noting an unsigned minute entry is not appealable) (citing *Rancho Pescado, Inc. v. Nw. Mut. Life Ins.*, 140 Ariz. 174, 181 (App. 1984)).  Second, the court found Westover did not establish the applicable standard of care or liability through expert testimony.  The court then entered an order dismissing Wees' complaint with prejudice.

¶4        Westover moved, unsuccessfully, for reconsideration and then timely appealed the final judgment.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶5        Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a); *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 14 (App. 2008).  When reviewing a grant of summary judgment, we view the facts in the light most favorable to the non-moving party.  *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 8 (App. 2003) (quoting *Hartford Accident & Indem. Co. v. Fed. Ins.*, 172 Ariz. 104, 107 (App.

---

[1]        Absent material changes from the relevant date, we cite a statute's current version.

1992)). We then determine *de novo* whether a genuine issue of material fact exists and whether the trial court correctly applied the substantive law. *Id.* (citing *Gonzalez v. Satrustegui*, 178 Ariz. 92, 97 (App. 1993)). We may affirm summary judgment on any ground argued by the parties and supported by the record. *KB Home Tucson, Inc. v. Charter Oak Fire Ins.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014) (citing *Mutschler v. City of Phx.*, 212 Ariz. 160, 162, ¶ 8 (App. 2006)).

¶6            To prove a claim for legal malpractice, a plaintiff must prove duty, breach, causation, and damages. *See Glaze v. Larsen*, 207 Ariz. 26, 29, ¶ 12 (2004) (citing *Phillips v. Clancy*, 152 Ariz. 415, 418 (App. 1986)). Thus, "even where a plaintiff has discovered actual negligence, if he has sustained no damages, he has no cause of action." *Amfac Distribution Corp. v. Miller*, 138 Ariz. 152, 154 (1983).

¶7            On appeal, Westover argues that the trial court erred in dismissing his claims with prejudice without providing him an opportunity to submit an expert affidavit. Westover does not, however, challenge the court's finding that he cannot prove Wees caused him damage by failing to appeal the child support order when the time to appeal had not yet run. Westover has thereby waived review of those findings. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived.") (citations omitted). Because Westover does not dispute the finding that he cannot prevail on the causation and damage elements of his malpractice claim, irrespective of the presence or absence of expert testimony regarding the standard of care or liability, both the entry of summary judgment in Wees' favor, and the dismissal of Westover's claims with prejudice, were proper.

## CONCLUSION

¶8            The trial court's order is affirmed. As the prevailing party, Wees is awarded his costs incurred on appeal upon compliance with ARCAP 21(b).