In re MORTGAGES LTD., Debtor.

Jeffrey C. Stone, Inc. d/b/a summit builders, an Arizona corporation, Plaintiff,

v.

Central and Monroe, L.L.C., an Arizona limited liability company; et al., Defendants.

Summers Group, Inc. d/b/a Rexel Phoenix Electric, a corporation, Cross–Claimant/Counter–Claimant,

v.

Central and Monroe, L.L.C., an Arizona limited liability company; Cross–Defendants;

and

Jeffrey C. Stone, Inc. d/b/a Summit Builders, an Arizona corporation, Counter–Defendant and related counterclaims and cross claims.

Bankruptcy No. 2:08–bk–07465.
Adversary No. 2:09–ap–00424–RJH.

United States Bankruptcy Court, D. Arizona.

Feb. 15, 2011.

Todd M. Adkins, Jennings, Strouss & Salmon, Phoenix, AZ, for Mortgages, Ltd.

Bryan A. Albue, Sherman & Howard LLC, Phoenix, AZ, for KCG, Inc. dba Rew Materials, Jeffrey C. Stone, Inc. d/b/a Summit Builders Construction Co.

Michael P. Anthony, Carson Messinger Elliott et al., Phoenix, AZ, for Harold S. Jalowsky & Thelma D. Jalowsky, Trustees of Jalowsky Trust.

Andrew V. Banas, Seyfarth Shaw LLP, Chicago, IL, for G. Grant Lyon, Radical Bunny, LLC.

Patrick R. Barrowclough, Atkinson, Hamill & Barrowclough, P.C., Phoenix, AZ, for Chuck Niday, Trustee of Ross Verne Family Trust, pro se.

Christopher H. Bayley, Snell & Wilmer, L.L.P., Phoenix, AZ, for Central & Monroe, LLC, Osborn III Partners, LLC.

Michael F. Beethe, Bonnett, Fairbourn, Friedman & Balint PC, Phoenix, AZ, for Foothills Plaza IV, LLC.

Douglas F. Behm, Douglas F. Behm, PLLC, Scottsdale, AZ, for Douglas Frederick Behm.

Steven N. Berger, Engelman Berger, P.C., Phoenix, AZ, for Engelman Berger, P.C., Tempe Land Company, LLC.

Allen B. Bickart, Allen B. Bickart PC, Prescott, AZ, for Koumbas L.L.C., Ali Khan, Allen B. Bickart, Arianthi Zistatsis, Carol Mahakian, Carolyn A. Bickart, Debbie Greiff, Lisa Khan, Martin Reiss, Minas Zistatsis, Nicholas Esposito, Vic Rubin, Vickie Greiff, Adele Abrahams, Kim Westberg, Laverne Westberg, Leo P. Malone, Wendy Abrahams.

Michael C. Blair, Baird Williams & Greer LLP, Phoenix, AZ, for National Retail Development Partners I, LLC.

Edward H. Britt, Britt Law Group PC, Scottsdale, AZ, for CECO Concrete Construction, LLC.

Garland Allen Brown, WBPP, PLLC, Scottsdale, AZ, for Stratera Portfolio Advisors, LLC, Greenberg, Traurig LLP.

Robert Caley Brown, Mariscal, Weeks, McIntyre et al., Phoenix, AZ, for Gold Creek, Inc.

Steven J. Brown, Steve Brown & Associates, LLC, Phoenix, AZ, for AMH Investments LLC, Ashley M. Coles Family Trust, Ashley M. Coles, Trustee, First Trust Company of Onaga, Custodian FBO Ashley M. Coles IRA, Scott and Ashley Coles Charitable Foundation, Inc.

Shane D. Buntrock, Rowley Chapman Barney & Buntrock, Ltd., Mesa, AZ, for T & N Living Trust.

Todd A. Burgess, Gallagher & Kennedy, Phoenix, AZ, for Mortgages Ltd., Stratera Portfolio Advisors, LLC.

Erin E. Byrnes, Graif, Barrett & Matura, P.C., Phoenix, AZ, for Jeffrey C. Stone, Inc. d/b/a Summit Builders Construction Co.

Michael W. Carmel, Michael W. Carmel, Ltd., Phoenix, AZ, for Vanderbilt Farms, LLC., S. M. Coles, L.L.C.

Christopher Ryan Chicoine, Aiken Schenk Hawkins & Ricciardi, Phoenix, AZ, for HH 20 LLC, Cheryl Faas, Eric Faas.

John R. Clemency, Gallagher & Kennedy PA, Phoenix, AZ, for Mortgages Ltd., MCA Financial Group, Ltd., Secured Capital Management Co., LLC, Stratera Portfolio Advisors, LLC.

Jerry L. Cochran, Cochran Law Firm, PC, Phoenix, AZ, for Metropolitan Lofts, L.L.C., GP Properties Carefree Cave Creek, LLC, MK Custom Residential Construction, LLC, McKinley Lofts, LLC, 4633 Van Buren, L.L.C., City Lofts, L.L.C., Downtown Communities Builders Limited Partnership, 2440, L.L.C., TA Investment LLC, Blackeye Capital, L.L.C.

Scott B. Cohen, Engelman Berger, P.C., Phoenix, AZ, for Arizona Bank & Trust c/o Scott B. Cohen Engelman Berger, P.C.

Daniel P. Collins, Collins, May, Potenza, Baran & Gillespie, Phoenix, AZ, for William Hall c/o Daniel P. Collins, Collins, May, Potenza, Baran & Gillespie.

Joseph E. Cotterman, Gallagher & Kennedy, P.A., Phoenix, AZ, for William H. Parker Family Trust, Susan Hoffland, Timothy Hoffland, William H. Parker, WMS Fixed Income Fund I LLC, WMS Fund Management, LLC, Phil Sollomi, AZPB REM Limited Partnership.

James E. Cross, Osborn Maledon P.A., Phoenix, AZ, for Rightpath Limited Development Group, LLC, et al.

Terry A. Dake, Terry A. Dake, Ltd., Phoenix, AZ, for Penny Hardaway Investments, LLC.

John J. Dawson, Quarles & Brady LLP, Phoenix, AZ, for Southwest Value Partners Finance I, LLC, Southwest Value Partners Fund XIV, LP.

Adam B. Decker, Jackson White PC, Mesa, AZ, for Farnsworth Wholesale Co.

J. Matthew Derstine, Roshka DeWulf & Patten, PLC, Phoenix, AZ, for Mortgages Ltd., Roshka DeWulf & Patten.

Jonathan A. Dessaules, Dessaules Law Group, Phoenix, AZ, for Horizon Consulting, Inc.

Dean M. Dinner, Nussbaum Gillis & Dinner, P.C., Scottsdale, AZ, for Official Committee of Unsecured Creditors, ML Liquidating Trust.

Mark J. Dorval, Stradley Ronon Stevens & Young LLP, Philadelphia, PA, for Kevin T. O'Halloran, ML Liquidating Trust.

Marc S. Drier, Drier & Dieter Law Office, Jersey Shore, PA, for Kay A. Kuntz Family Trust.

Van C. Durrer, II, Skadden Arps Slate Meagher & Flom LLP, Los Angeles, CA, for HML, LLC.

David Wm. Engelman, Engelman Berger, P.C., Phoenix, AZ, for Tempe Land Company, LLC, Engelman Berger, P.C., pro se.

Donald F. Ennis, Snell & Wilmer LLP, Phoenix, AZ, for Central & Monroe, LLC, Osborn III Partners, LLC, 44th & Camelback Property, LLC, 70th Street Property, LLC, Portales Place Property, LLC, Sun Valley Masonry, Inc.

Jessica L. Fainman, Schulte Roth & Zabel LLP, New York, NY, for Goldenbridge Acquisition Holdings II, LLC.

Bruce Stanley Feder, Feder Law Office PA, Phoenix, AZ, for Bruce Feder.

Don C. Fletcher, Lake and Cobb, Tempe, AZ, for The Sorensen Companies.

S. Cary Forrester, Forrester & Worth, PLLC, Phoenix, AZ, for The Lewis Trust, The Underwood Trust.

Dewain D. Fox, Sherman & Howard L.L.C., Phoenix, AZ, for Official Committee of Investors.

Shelton L. Freeman, Deconcini McDonald Yetwin & Lacy PC, Scottsdale, AZ, for Radical Bunny, LLC, Mortgages Ltd., G. Grant Lyon, Chapter 11 Trustee for Radical Bunny, LLC, G. Grant Lyon, Chapter 11 Trustee.

Donald L. Gaffney, Snell & Wilmer, L.L.P., Phoenix, AZ, for Central & Monroe, LLC, KGM Builders, Inc., Osborn III Partners, LLC, 44th & Camelback Property, LLC, 70th Street Property, LLC, Portales Place Property, LLC.

Martin R. Galbut, Galbut & Galbut PC, Phoenix, AZ, for Greenberg, Traurig LLP.

Margaret A. Gillespie, Collins, May, Potenza, Baran & Gillespie, Phoenix, AZ, for Rexel Phoenix Electric.

Scott R. Goldberg, Schian Walker, P.L.C., Phoenix, AZ, for Ad Hoc Committee of Investors in the Value-To-Loan Opportunity Fund I L.L.C., Official Committee of Investors in the Value-To-Loan Opportunity Fund I L.L.C., FTI Consulting, Inc.

Steven M. Goldstein, Sacks Tierney PC, Scottsdale, AZ, for BRLS Acorn Family Ltd. Partnership, Louis Shapiro, Lucille Shapiro.

Grant Goodman, Goodman, PA, Phoenix, AZ, for Grant Harry Goodman Orion Real Estate Co., LLC.

Gary A. Gotto, Keller Rohrback, PLC, Phoenix, AZ, for Mortgages Ltd. 401(k) Plan.

Jay R. Graif, Graif, Barrett & Matura, P.C., Phoenix, AZ, for Jeffrey C. Stone, Inc. d/b/a Summit Builders Construction Company.

Gabriel G. Green, Archer Norris, PLC, Los Angeles, CA, Rightpath Limited, LLC.

Joshua T. Greer, Fennemore Craig PC, Phoenix, AZ, for ML Manager LLC.

D. Lamar Hawkins, Aiken Schenk Hawkins & Ricciardi PC, Phoenix, AZ, for Dick Dijkman, Tempe Land Company, LLC.

John J. Hebert, Polsinelli Shughart, P.C., Phoenix, AZ, for Jeffrey A. Newman.

Keith L. Hendricks, Fennemore Craig PC, Phoenix, AZ, for Official Committee of Investors Fennemore Craig, P.C., ML Manager LLC.

Richard Henry Herold, Jr., Hinshaw & Culbertson LLP, Phoenix, AZ, for Irwin Union Bank, F.S.B.

Jonathan E. Hess, Office of the U.S. Trustee, Phoenix, AZ, for U.S. Trustee.

Gerald T. Hickman, Jardine Baker Hickman & Houston PLLC, Phoenix, AZ, for Mayer Hoffman McCann P.C.

David Jeffrey Hindman, Mesch Clark & Rothschild PC, Tucson, AZ, for Leah Lewis and Robert Facciola, Oxford Investors, Oxford and Investor Group.

Kerry Hodges, Jennings Strouss And Salmon PLC, Phoenix, AZ, for Mortgages Ltd.

Helen R. Holden, Gerstman Holden PLLC, Phoenix, AZ, for The Paul G. Johnson Co.

Michael J. Holden, Holden Willits Murphy PLC, Phoenix, AZ, for JEC Contracting Corp., West Coast Glass & Mirror Co., Inc.

Kami M. Hoskins, Greenberg Traurig LLP, Phoenix, AZ, for Stratera Portfolio Advisors, LLC, Secured Capital Management Co., LLC.

Nicolas B. Hoskins, Fennemore Craig, Phoenix, AZ, for Official Committee of Investors.

Mark C. Hudson, Schian Walker, P.L.C., Phoenix, AZ, for FTI Consulting, Inc.

Daniel L. Hulsizer, Carson Messinger PLLC, Phoenix, AZ, for Old World Tile & Marble Co., Inc.

Jonathan P. Ibsen, Jaburg & Wilk, PC, Phoenix, AZ, for Ann H. Flaherty.

Dillon E. Jackson, Foster Pepper & Shefelman, Seattle, WA, for Foster Pepper PLLC, pro se.

William S. Jenkins, Myers & Jenkins, Phoenix, AZ, for Shawn Marion, ML Liquidating Trust.

Carolyn J. Johnsen, Jennings, Strouss & Salmon, P.L.C., Phoenix, AZ, for Mortgages Ltd., Jennings, Strouss & Salmon.

Kevin M. Judiscak, Engelman Berger, P.C., Phoenix, AZ, for Tempe Land Company, LLC.

Jeffrey S. Kaufman, Jeffrey S. Kaufman, Ltd., Scottsdale, AZ, for Custodian FBO

Jeffrey S. Kaufman Beneficiary for Samuel Kaufman IRA, FBO Marcy L. Kaufman Beneficiary for Samuel Kaufman IRA, First Trust Company of Onaga, The Kaufman Family Living Trust, The Samuel W. Kaufman Living Trust, Jeffrey S. Kaufman, Marcy L. Kaufman.

Christopher R. Kaup, Tiffany & Bosco, P.A., Phoenix, AZ, for Mountain Funding, L.L.C.

Jordan A. Kroop, Squire, Sanders & Dempsey (US) LLP, Phoenix, AZ, for G. Grant Lyon, Chapter 11 Trustee.

Alisa C. Lacey, Stinson Morrison Hecker LLP, Phoenix, AZ, for Oxford and Investor Group.

Craig M. Lachance, Baird, Williams & Greer, Phoenix, AZ, for National Retail Development Partners I, LLC, PDG Los Arcos, LLC.

Michael P. Lane, Lane & Nach, P.C., Phoenix, AZ, for Dale D. Ulrich.

Kent A. Lang, Lang Baker & Klain, PLC, Scottsdale, AZ, for Sierra Pacific Industries, Inc.

Sandra W. Lavigna, U.S. Sec. And Exchange Commission, Los Angeles, CA, for U.S. Sec. and Exchange Commission.

Christopher A. Lavoy, Ridenour Hienton & Lewis, PLLC, Phoenix, AZ, MKG Enterprises Limited Partnership, Aviva Gold, Dan and Emily Kingston, Marc and Karen Goldblatt.

Larry S. Lazarus, Lazarus & Associates, PC, Phoenix, AZ, for Lazarus & Associates, P.C.

Richard H. Lee, Law Offices of Richard H. Lee, Phoenix, AZ, for Revocable Trust of Irene Ruth Ahearn.

Stanford E. Lerch, Lerch & Associates, PC, Scottsdale, AZ, for Howard Farkash.

Richard M. Lorenzen, Perkins Coie LLP, Phoenix, AZ, for Goldenbridge Acquisition Holdings II, LLC, Official Committee of Unsecured Creditors.

Scott A. Malm, Gust Rosenfeld P.L.C., Phoenix, AZ, for ML Manager LLC.

Margaret M. Mann, Sheppard Mullin Richter & Hampton LLP, San Diego, CA, for Maryland Way Partners.

Matthew J. Mansfield, Ballard Spahr Andrews & Ingersoll, Phoenix, AZ for Sun Valley Masonry, Inc.

Nancy J. March, Deconcini McDonald Yetwin & Lacy, P.C., Tucson, AZ, for Radical Bunny, LLC.

Thomas J. Marlowe, Law Offices of Thomas J. Marlowe, Phoenix, AZ, for Thomas Joseph Marlowe, Todd Stuart Brown.

Matthew H. Mason, Carson Messinger Elliott Laughlin et al., Phoenix, AZ, for ML Liquidating Trust.

Jeffrey C. Matura, Graif Barrett & Matura, PC, Phoenix, AZ, for Jeffrey C. Stone, Inc. d/b/a Summit Builders Constr. Co., American General Life Ins. Co.

David Anthony McCarville, McCarville Law Offices PLC, Litchfield Park, AZ, for Normark Farms.

J. Lawrence McCormley, Tiffany & Bosco PA, Phoenix, AZ, for Universal Equity Group.

Kevin 2 McCoy, Kelly McCoy, PLC, Phoenix, AZ, for Kevin T. O'Halloran.

Ronald W. Meyer, Law Offices of Ronald W. Meyer, Phoenix, AZ, for Oxford Investors.

Howard C. Meyers, Burch & Cracchiolo, P.A., Phoenix, AZ, for Steele Foundation, Inc., MCA Financial Group, Ltd.

Robert J. Miller, Bryan Cave LLP, Phoenix, AZ, for The Hawkins Group, Rev Op Group, Sternberg Enterprises Profit Sharing Plan, Bear Tooth Mountain Holdings, LLP, Morley Rosenfield, M.D. P.C.

Restated Profit Sharing Plan, Pueblo Sereno Mobile Home Park L.L.C.

Ethan Bennett Minkin, Ballard Spahr LLP, Phoenix, AZ, for Arizona Bank & Trust.

Thomas S. Moring, Pak & Moring, Scottsdale, AZ, for Mortgages Ltd. 401(k) Plan.

Jon S. Musial, Law Office Of Jon S. Musial, Scottsdale, AZ, for Performance Contracting, Inc.

Adam B. Nach, Lane & Nach, P.C., Phoenix, AZ, for MCA Financial Group, Ltd.

Mark Allen Nadeau, DLA Piper LLP (US), Phoenix, AZ, for Mortgages Ltd.

William Novotny, Mariscal, Weeks, McIntyre, & Friedlander, Phoenix, AZ, for Mariscal, Weeks, McIntyre & Friedlander, P.A., DLA Piper, LLC.

Randy Nussbaum, Nussbaum Gillis & Dinner, P.C., Scottsdale, AZ, for Official Committee of Unsecured Creditors.

Sean P. O'Brien, Gust Rosenfeld P.L.C., Phoenix, AZ, for Gust Rosenfeld as Ordinary Course Professional Mortgages Ltd.

Robert J. Odson, DLA Piper LLP (US), Los Angeles, CA, for Mortgages Ltd.

Bradley David Pack, Engelman Berger PC, Phoenix, AZ, for Tempe Land Company, LLC.

Karen A. Palecek, Palecek & Palecek, P.L.L.C., Scottsdale, AZ, for KGM Builders, Inc.

Steven B. Palmer, Maricopa County Attorney's Office, Phoenix, AZ, for c/o Steven B. Palmer Maricopa County Treasurer.

Richard G. Patrick, U.S. Attorney's Office, Phoenix, AZ, for U.S. Securities and Exchange Commission.

Craig A. Raby, Arizona Attorney General's Office, Phoenix, AZ, for Arizona Department of Financial Institutions.

David N. Ramras, Ramras Law Offices PC, Phoenix, AZ, for Cecile Silverman.

Cathy L. Reece, Fennemore Craig, Phoenix, AZ, for Unofficial Investor Committee, Official Committee of Investors, ML Manager LLC.

James B. Reed, Baird Williams & Greer LLP, Phoenix, AZ, for Allied Building Products Corp., Frazee Industries, Inc.

Christopher Scott Reeder, Reeder, Lu & Green, LLP, Los Angeles, CA, for Rightpath Limited Development Group, LLC, et al., Maryland Way Partners.

Michael T. Reynolds, Phoenix, AZ, for We-Ka-Jassa Investment Fund, LLC—Fort McDowell.

Stuart Bradley Rodgers, Lane & Nach PC, Phoenix, AZ, for MCA Financial Group, Ltd.

Philip R. Rudd, Polsinelli Shughart PC, Phoenix, AZ, for Arizona Bank & Trust.

Thomas J. Salerno, Squire, Sanders & Dempsey (US) LLP, Phoenix, AZ, for G. Grant Lyon, Chapter 11 Trustee for Radical Bunny, LLC.

Joel E. Sannes, Lake & Cobb, PLC, Tempe, AZ, for IES Commercial, Inc. [formerly known as Hatfield Reynolds Electric company (IES)].

Chad L. Schexnayder, Jennings, Haug & Cunningham, LLP, Phoenix, AZ, for HACI Mechanical Contractors, Inc.

Dale C. Schian, Schian Walker, P.L.C., Phoenix, AZ, for Ad Hoc Committee of Investors in the Value-To-Loan Opportunity Fund I L.L.C., Official Committee of Investors in the Value-To-Loan Opportunity Fund I L.L.C., FTI Consulting, Inc.

Gerald L. Shelley, Fennemore Craig, P.C., Phoenix, AZ, for ML Manager LLC.

Sharon B. Shively, Sacks Tierney P.A., Scottsdale, AZ, for Kevin T. O'Halloran.

Robert A. Shull, Mariscal, Weeks, McIntyre & Friedlander, Phoenix, AZ, for Artemus Realty Capital, LLC, Gold Creek, Inc., DLA Piper, LLC (US).

Christopher C. Simpson, Stinson Morrison Hecker LLP, Phoenix, AZ, for Central Cabinet and Supply Company LLC, Gould Evans Goodman Associates LC.

Gerald K. Smith, Lewis & Roca LLP, Phoenix, AZ, for Gerald K. Smith.

G. Peter Spiess, Spiess & Associates PC, Phoenix, AZ, for Lazarus & Associates, P.C.

Robert J. Spurlock, Bonnett, Fairbourn, Friedman & Balint PC, Phoenix, AZ, for Foothills Plaza IV, LLC.

Sean P. St. Clair, Tiffany & Bosco, P.A., Phoenix, AZ, for Mechanical Solutions Inc.

Edwin B. Stanley, Simbro & Stanley, PLC, Scottsdale, AZ, for Stratera Portfolio Advisors, LLC.

Kendall D. Steele, Jardine, Baker, Hickman & Houston, Phoenix, AZ, for Mayer Hoffman McCann P.C.

Lyndon B. Steimel, Law Office of Lyndon B. Steimel, Scottsdale, AZ, for University & Ash, LLC, Roosevelt Gateway LLC, Roosevelt Gateway II LLC and KML Development.

Jase Steinberg, Myers & Jenkins PC, Phoenix, AZ, for Myers & Jenkins, P.C., Shawn Marion.

Bradley Jay Stevens, Jennings, Strouss & Salmon, P.L.C., Phoenix, AZ, for Mortgages Ltd., Jennings, Strouss & Salmon.

John W. Storer, III, Swenson Storer Andrews & Frazelle, Phoenix, AZ, for Otis Elevator Co.

Bryce A. Suzuki, Bryan Cave LLP, Phoenix, AZ, for Rev Op Group, Sternberg Enterprises Profit Sharing Plan, Morley Rosenfield, M.D. P.C., Bear Tooth Mountain Holdings, LLP, Queen Creek XVIII, LLC, Pueblo Sereno Mobile Home Park L.L.C.

Richard Ray Thomas, Thomas Schern Richardson, Mesa, AZ, for Baseline & Val Vista Associates Limited Partnership, Litchfield Road Associates Ltd. Partnership, Eva Sperber-Porter, Bernardo R. Urquieta and Kathleen Smythe de Urquieta, Trustees of The Urquieta Smythe Family Trust dated Dec. 5, 1990 and any amendments thereto, Jan M. Sterling, Trustee of the Jan M. Sterling Living Trust dated Jan. 4, 1995 and any amendments thereto, John C. Vinson and Taeko Vinson, Trustees of the John Charles Vinson Family Trust dated Dec. 3, 1984, and any amendments thereto, Karen E. Lamb a/k/a Karen Chopra, Trustee of the Karen Lamb Living Trust dated Feb. 26, 2007 and any amendments thereto, Kathleen K. Tomasulo, Trustee of the Tomasulo Credit Shelter Irrevocable Trust dated Sept. 16, 1997 and any amendments thereto, Linda A. Reeves, Trustee of the Linda Ann Reeves Trust Dated March 2, 2005, and any amendments thereto, Linda Mayne and Stephen Mayne, husband and wife, Linda Mayne, Trustee of the Mayne and Company Defined Benefit Pension Plan Dated Dec. 31, 2005, and any amendments thereto, Morris A. Kaplan and Carolyn N. Kaplan, Trustees Under the Second Amendment and Restatement of the Morris and Carolyn Kaplan Revocable Trust Dated Oct. 15, 1999, Robert G. Furst, Trustee of the Robert G. Furst & Associates Defined Benefit Pension Plan, Soteria, LLC, an Arizona limited liability co., as lawful transferee and successor in interest to Bruce Dennis Buckley and Alivia Virginia Buckley, Trustees of the Bruce Dennis Buckley and Alivia, Stephen G. Franklin and Donna M. Franklin, Trustees of the Franklin Family Trust dated June 11, 2002 and any amendments thereto, William J. Miller and Sandra B. Miller, Trustees of

the Miller Family Trust dated Feb. 7, 2000 and any amendments thereto, Jane A. [IRA Cust.] Bartelme, Jayesh K. [IRA Cust.] Shah, John C. Vinson, Robert G. Furst, Bruce D. Buckley.

Todd B. Tuggle, Jennings, Strouss & Salmon, P.L.C., Phoenix, AZ, for Mortgages Ltd., Jennings, Strouss & Salmon.

Dean C. Waldt, Ballard Spahr Andrews & Ingersoll LLP, Voorhees, NJ, for University & Ash, LLC, Roosevelt Gateway LLC, Roosevelt Gateway II LLC and KML Dev.

Michael R. Walker, Schian Walker, P.L.C., Phoenix, AZ, for FTI Consulting, Inc.

Robert C. Warnicke, Gordon Silver, Phoenix, AZ, for Americapital, LLC.

Ronald E. Warnicke, Gordon Silver, Phoenix, AZ, for ML Liquidating Trust.

Daxton R. Watson, Mack Drucker & Watson PLLC, Phoenix, AZ, for Mortgages Ltd.

Larry Lee Watson, Office of the U.S. Trustee, Phoenix, AZ, for U.S. Trustee.

Lindsi M. Weber, Gallagher & Kennedy, PA, Phoenix, AZ, for William H. Parker Family Trust, Susan Hoffland, Timothy Hoffland, William H. Parker, WMS Fixed Income Fund I LLC, WMS Fund Management, LLC.

Dennis J. Wickham, Seltzer Caplan McMahon Vitek, San Diego, CA, for Southwest Value Partners Fund XIV, LP.

Lawrence E. Wilk, Jaburg & Wilk, P.C., Phoenix, AZ, for Laura Martini.

Rebecca J. Winthrop, Ballard Spahr LLP, Los Angeles, CA, for University & Ash, LLC, Roosevelt Gateway LLC, Roosevelt Gateway II LLC and KML Dev., Mortgages Ltd.

## MEMORANDUM DECISION GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF MORTGAGES LTD.

RANDOLPH J. HAINES, Bankruptcy Judge.

The issue here is whether various mechanics' lien claimants, who claim priority dating from the commencement of construction in November 2006, have priority over a construction deed of trust that was recorded in May of 2007. Among other defenses, the construction lender asserts the doctrine of equitable subrogation gives it priority back to that of a prior deed of trust because a portion of the construction lender's loan was used to pay off the prior debt.

### BACKGROUND FACTS

The construction project at issue is the remodeling or refurbishment of an existing building commonly known as the Hotel Monroe. Its owner, Central and Monroe, LLC, first obtained a loan from First Commonwealth Mortgage Trust in the amount of $3.2 million, secured by a deed of trust recorded in May, 2002. In July, 2005, that loan was refinanced by an $8.5 million dollar loan provided by Mortgages Ltd., secured by a deed of trust recorded that same month. Almost $3 million of the proceeds of that loan were used to satisfy the First Commonwealth debt and obtain a release of the First Commonwealth deed of trust.

In December, 2006, the owner obtained a new loan from Choice Bank in the amount of $9.3 million. It was secured by a deed of trust recorded that same month. Approximately $7.3 million of the proceeds of the Choice loan were used to satisfy the debt to Mortgages Ltd. and obtain a release of its 2005 deed of trust.

By the time the Choice Bank deed of trust was recorded in December, 2006,

however, work was already underway on the remodeling. KGM was the general contractor who had a contract with the owner in October, 2006, to perform demolition work. KGM asserts, and it is apparently undisputed, that KGM first supplied labor and materials to its construction project on November 15, 2006, more than a month prior to the recordation of the Choice Bank deed of trust.[1]

The Choice Bank debt was refinanced by another loan from Mortgages Ltd. in the amount of $75.6 million, in May, 2007. The deed of trust securing that debt was recorded on May 16, 2007. From the proceeds of this second Mortgages Ltd. loan, more than $8.9 million was used to satisfy the Choice Bank debt and obtain a release of its 2006 deed of trust.

More than six months later, the owner signed another contract with another general contractor, Summit Builders. It commenced work on January 1, 2008, and recorded its notice and claim of mechanics' and materialmen's lien in July, 2008.

Summit claims that although it had a separate contract with the owner, some of the work it contracted to do was on the same "project" that KGM had worked on, the demolition of the interior of the building to prepare for the substantial remodeling.

### THE ISSUES

Mortgages Ltd. has moved for summary judgment against Summit Builders and all of its subcontractors on essentially three theories:

Mortgages Ltd. asserts that at a status conference on July 6, 2010, Summit's counsel announced in court that it would be dismissing its lien claim. It was not until a subsequent status conference on October 25 that Summit's counsel announced that Summit had changed its mind and would not be dismissing its lien claim. Mortgages Ltd. argues that the intended dismissal that was announced on the record should be enforced as a settlement agreement.

Mortgage's second basis for summary judgment is that Summit's lien is invalid because Summit failed to provide Mortgages Ltd. with a preliminary twenty-day lien notice as required by statute.[2]

Finally, Mortgages asserts that because portions of the proceeds of its loan were used to pay off prior secured debts, Mortgages Ltd. is entitled to the priority of those prior deeds of trust under the doctrine equitable subrogation.

### ANALYSIS

The court is not inclined to grant summary judgment on the theory that Summit's stated intent to dismiss its lien claim constituted a settlement agreement. It does not appear that it was so much of an agreement as merely a unilateral decision and announcement by Summit. Although a unilateral statement of position can be enforced either as a judicial estoppel or as quasi-judicial estoppel, those doctrines generally apply only if there has been some benefit obtained as a result of this statement, or some detrimental reliance by the court or other parties. Here no such showings have been made.

---

1.  As a general rule, Arizona law provides that all mechanics' and materialmen's liens have the same priority as of "the time labor was commenced." A.R.S. § 33–992(A).

2.  A.R.S. § 33–992.01(B) provides, in pertinent part, that any person asserting a mechanics' lien shall "as a necessary prerequi-

site to the validity of any claim of lien, serve the owner or the reputed owner, the original contractor or reputed contractor, the construction lender, if any, or reputed construction lender, if any, and the person with whom the claimant has contracted ... with a written preliminary twenty-day lien notice...."

## PRELIMINARY 20–DAY NOTICE IS-SUE

But Mortgages Ltd. might be entitled to summary judgment due to the failure of Summit to provide the preliminary 20–day notice required by A.R.S. § 33–992.01(B). There can be no dispute that Mortgages Ltd. qualified as a "construction lender" or a "reputed construction lender" as referred to in this statute. Summit had constructive notice at the time that it commenced work in January of 2008 that Mortgages Ltd. was such a construction lender because its deed of trust had been of record for more than seven months.

■ Summit's defense is that it substantially complied with the statute by providing a preliminary 20–day notice to the owner, and that Mortgages Ltd. was not prejudiced by the failure of notice because it had actual knowledge that the construction was going on. But while case law has upheld liens when there has been substantial compliance with the 20–day preliminary notice requirement even though the notice failed to include all of the statutorily required elements,[3] neither the statute nor case law suggests that failure to serve a party any notice can constitute substantial compliance because other parties were served. It is undoubtedly true that the primary purpose of the 20–day notice requirement is to protect owners, primarily by advising them of what might otherwise be regarded as secret lien rights.[4] It is also true that statutory purpose has been substantially fulfilled here, both by the service of the notice on the owner and by the alleged actual knowledge of Mortgages Ltd. But another key factor in ascertaining substantial compliance is "the nature and extent of the deviation from the statutory plan."[5] This court cannot predict that an Arizona Court would find substantial compliance despite a complete failure to provide any kind of preliminary 20–day notice to one of the parties that is statutorily entitled to it.

■ Summit has a better argument that Mortgages is statutorily estopped from asserting the preliminary 20–day notice defense because the owner failed to correct the failure of the notice to identify Mortgages Ltd. as its construction lender. Arizona law provides that the owner has ten days after receipt of a preliminary 20–day notice to identify its construction lender and to correct any misinformation contained in the notice.[6] The statute further provides that if the owner fails to furnish or correct that misinformation, then the owner is estopped "from raising as a defense any inaccuracy of the information in a preliminary twenty-day notice."[7]

Of course Mortgages Ltd. was not the owner at the time that the preliminary twenty-day notice was given to the owner. But Mortgages Ltd. is now the owner because it bought the property by a credit bid at its own trustee's sale.

The statute defines the "owner" to be "the person, or the person's successor in

---

3. *E.g., Peterman–Donnelly Engineers & Contractors Corp. v. First National Bank of Arizona,* 2 Ariz.App. 321, 323, 408 P.2d 841, 843 (1965)(substantial compliance found and lien upheld when notice to the owner failed to include a copy of the written construction contract).

4. *Columbia Group Inc. v. Jackson,* 151 Ariz. 76, 725 P.2d 1110 (1986) (the legislative purpose behind § 33–992.01 was "to promote a fairer" and more equitable system by allowing owners to have knowledge of those hitherto secret lien rights).

5. *Matcha v. Wachs,* 132 Ariz. 378, 381 646 P.2d 263, 266 (1982).

6. A.R.S. § 33–992.01(I).

7. A.R.S. § 33–992.01(J).

interest, who causes a building, structure or improvement to be constructed, altered or repaired." [8] Mortgages has no response to the argument that it qualifies as the original owner's successor in interest. It certainly seems an odd result that a construction lender who was protected by the preliminary 20–day notice statute could lose that protection by foreclosing and becoming the owner. But it would not seem such an odd result in the case of a consensual sale. An owner who has lost defenses to lien claims by failing to timely correct misinformation in a preliminary 20–day notice should not be permitted to obtain the value of those defenses by selling the property to a new owner who would not be estopped from asserting the defenses. Because the statute clearly requires estoppel of the subsequent owner in that circumstance, the result must apply equally to anyone who becomes a successor in interest by whatever means.

Because Mortgages Ltd. is a successor in interest to an owner who failed to correct the misinformation contained in the preliminary 20–day notice that was served on the owner, Mortgages cannot assert the failure to serve the notice on the construction lender as a defense.

### EQUITABLE SUBROGATION

■ Probably the most accurate and authoritative statement of the doctrine of equitable subrogation as now recognized in Arizona is found in the 1965 Court of Appeals decision in *Peterman–Donnelly:*

[A] third person, having agreed to advance money to discharge an encumbrance on property of another, where he is not a volunteer, and where payment is made under an agreement that he will

be substituted in place of the holder of the encumbrance, is entitled to subrogation, whether such agreement is express or whether such agreement is implied. [9]

There is no dispute here that Mortgages Ltd. agreed to advance money to discharge the owner's obligation to Choice Bank. Nor is there any dispute that in doing so, Mortgages was not acting as a volunteer. Most of the argument has focused on the nature of the express or implied agreement that Mortgages would be substituted in place of Choice Bank as to lien priority.

■ Arizona case law seems to hold conclusively that the subsequent lender's intent to obtain first lien priority is sufficient to satisfy the agreement requirement. In *Lamb,* [10] the Court of Appeals found sufficient evidence of the agreement to subrogate from the escrow closing instructions that required a title insurance policy showing the lender to have a valid first lien against the property. Those same facts exist here. It is significant that in *Lamb,* the trial court had denied equitable subrogation, but the Court of Appeals reversed based upon that escrow closing instruction. Summit's only argument on this point is that "the fact that ML required that a title insurance policy insure it for first lien position does not evidence the meeting of the minds required for an express or implied agreement." But that is essentially the holding of *Lamb,* that such an escrow requirement does satisfy the agreement element.

In the argument and in the memoranda the mechanics' lien claimants assert various arguments why it would not be equitable to recognize equitable subrogation here. Most of these arguments hinge on

8. A.R.S. § 33–992.01(A)(3).

9. *Peterman–Donnelly Engineers and Contractors Corp. v. First National Bank of Arizona,* 2 Ariz.App. 321, 325, 408 P.2d 841, 845 (1965).

10. *Lamb Excavation Inc. v. Chase Manhattan Mortgage Corporation,* 208 Ariz. 478, 95 P.3d 542 (App.Div. 2 2004).

Mortgages' sophistication as a lender, its alleged notice or knowledge of the likelihood of mechanics' lien claims because construction was already underway when it recorded its deed of trust, and that it could have obtained an actual assignment of the Choice deed of trust if it wanted to ensure maintenance of its priority. These arguments, however, are all essentially rejected by *Lamb*. The Court of Appeals' decision rejected the trial court's reliance upon the lender's constructive notice of the potential for the filing of mechanics' liens, holding that that "finding is irrelevant, given our determination that constructive notice is not an element of equitable subrogation under Arizona law." [11]

The *Lamb* opinion similarly rejected the trial court's reliance on the argument that the bank had a "superior position" over the "truly innocent intervening lien holders." The decision did so by noting that the mechanics' lien holders were in no worse position then they had been when they undertook to perform work on property that was already subject to the prior deed of trust. [12]

■ There is apparently no argument here, as there has been in connection with some other Mortgages Ltd. loans, that Mortgages should be denied an equitable remedy because it was the cause of the financial disaster for everyone, due to its failure to fully fund the loan it committed to make. But even if there were such an argument, it would similarly seem to be rejected by *Lamb's* indication that the requisite inequity must be based on some fact

or circumstance that would make it inequitable to leave the lien claimants in a position junior to the prior deed of trust.

Finally, the original contractor, KGM, argues that it commenced work in November of 2006, prior to the December, 2006, recording of the Choice Bank deed of trust. KGM therefore argues that equitable subrogation of Mortgages to the Choice Bank deed of trust cannot render it superior to KGM's lien. Other lien holders also assert that same KGM priority by arguing that although it was done under a different contract,[13] the work was "all going to the same general purpose" so the two contracts should be treated as one.[14] Mortgages' response is that once it is subrogated to the Choice deed of trust, it also thereby obtains the rights Choice Bank would have had to be subrogated to the first Mortgages' deed of trust in the amount of $8.5 million that was recorded in July of 2005. There is no factual dispute that the Choice deed of trust and the escrow instructions for its recordation similarly required that the first Mortgages' deed of trust be paid off from the proceeds, and that Choice's deed of trust be recorded in first lien position.

■ No party has been able to cite a case applying equitable subrogation in this daisy-chain fashion. But such a two-step subrogation seems to be entirely consistent with the general principles and purposes of the doctrine. The effect of equitable subrogation is simply to substitute one lien holder to the lien-priority position

---

**11.** 208 Ariz. at 484, 95 P.3d at 548.

**12.** "We fail to comprehend the nature of the perceived prejudice or inequity, as it appears the lien holders would remain in the *same* position they occupied before subrogation if that doctrine were applied." 208 Ariz. at 483, 95 P.3d at 547.

**13.** KGM's contract was dated October 12, 2006. Summit Builders' contract was dated December 12, 2007.

**14.** *SK Drywall Inc. v. Developers Financial Group, Inc.*, 169 Ariz. 345, 349, 819 P.2d 931, 935 (1991).

of a prior lien holder.[15] Provided that Mortgages Ltd. can satisfy all of the elements, there is nothing inherent in the doctrine that would preclude Mortgages from asserting it on behalf of Choice Bank, to give the Choice Bank deed of trust the lien-priority position of the prior Mortgages' deed of trust. If equitable subrogation applies there, then the lien-priority position of the first Mortgages deed of trust would be the lien-priority position to which Mortgages is entitled when it is equitably subrogated to the lien-priority position of the Choice Bank deed of trust.

## CONCLUSION

For the foregoing reasons, Mortgages Ltd. is entitled to partial summary judgment establishing a lien priority date of July 1, 2005, to the extent of the $7.3 million portion of the Choice Bank loan that was used to discharge the first Mortgages' deed of trust. Mortgages is also entitled to partial summary judgment establishing a lien priority date of May 16, 2007, to the extent of the $8.9 million loan proceeds that were used to discharge the Choice Bank deed of trust. Mortgages is entitled to these summary judgments as against KGM, Summit Builders and all of their subcontractors.

15.  208 Ariz. at 480, 95 P.3d at 544.