146 P.3d 80

STATE of Arizona, Appellee,

v.

Durran Latroy McINTOSH, Appellant.

No. 1 CA–CR 05–0733.

Court of Appeals of Arizona, Division 1, Department E.

Nov. 9, 2006.

Terry Goddard, Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section, and John L. Saccoman, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Karen M.V. Noble, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

TIMMER, Presiding Judge.

¶ 1 Did the trial court commit reversible error by accepting a guilty verdict bearing the hand-written notation "# 7" on the signature line for the jury foreperson? That is the question before us in Durran Latroy McIntosh's appeal from his conviction for misconduct with a weapon and resulting sentence. For the reasons that follow, the trial court did not err by accepting this verdict, and we therefore affirm.

## BACKGROUND[1]

¶ 2 On June 9, 2004, McIntosh was a convicted felon whose civil rights to possess a firearm had not been restored. On that day, police officers stopped McIntosh for speeding and discovered that he had no identification and was driving with a suspended license. In a subsequent search of the vehicle, police discovered a firearm beneath the front-passenger seat. McIntosh told police the firearm was his and that he had taken it from his brother. According to his passenger, McIntosh pulled the firearm from his waistband when he saw the police behind him, placed the weapon on the seat, and the passenger then hid it beneath the seat.

¶ 3 The State charged McIntosh with misconduct involving weapons in violation of Arizona Revised Statutes ("A.R.S.") section 13–3102(A)(4) (Supp.2004)[2] and subsequently

tried the charge before a jury. At the conclusion of the presentation of evidence, the trial court instructed the jury that after it retired to the jury room, it must choose a foreperson to preside over deliberations and sign any verdict. The court further instructed the jury that after it reached its verdict, the "verdict form will be signed by the presiding juror. It has to be unanimous, so all of you have to agree, and the presiding juror will affix the presiding juror's number on the signature line indicating that it's been deliberated and reached and signed, by using the number."

¶ 4 In accordance with the court's instruction, the jury foreman signed the verdict form with only his court-assigned number, "# 7." After the jury returned with its verdict and the court asked the clerk to read the verdict, the following was announced in open court:

THE CLERK: We the jury, duly empanelled and sworn in the above-entitled action, upon our oaths, do find the defendant guilty as to misconduct involving weapons. Signed Juror No. 7.

Is this your true verdict, so say you one and all?

VOICES: Yes.

THE COURT: Counsel, do you wish to poll the jury?

MR. ADELMAN [Prosecutor]: No, Your Honor.

MS. WHALEN [Defense Counsel]: No, Your Honor.

¶ 5 The trial court subsequently sentenced McIntosh to six and one-half years' imprisonment. This timely appeal followed.

## ANALYSIS[3]

■ ¶ 6 McIntosh argues that the trial court erred by accepting a verdict form to

---

1. We view the facts in the light most favorable to sustaining McIntosh's conviction. *See State v. Guerra,* 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

2. Section 13–3102(A)(4) provides that "[a] person commits misconduct involving weapons by knowingly ... [p]ossessing a deadly weapon or

prohibited weapon if such person is a prohibited possessor."

3. By separate unpublished decision filed this date, we address an additional issue raised on appeal that is not relevant to our analysis in this opinion and does not meet the standards of publication set forth in Arizona Rule of Civil Appel-

which the jury foreman had affixed his assigned juror number rather than his signed name. McIntosh concedes he failed to object to the absence of the foreman's signed name on the verdict form before the jury was discharged, but nevertheless argues that the error is fundamental or structural error, requiring reversal.

¶ 7 Error is fundamental only when it reaches the foundation of a defendant's case, takes from him a right essential to his defense, and is error of such dimension that he could not possibly have received a fair trial. *State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Error is structural only when it creates "defects in the trial mechanism" and thus affects the "entire conduct of the trial from beginning to end." *State v. Anderson,* 197 Ariz. 314, 323, ¶ 22, 4 P.3d 369, 378 (2000) (citation omitted).

¶ 8 Under Arizona law, "the verdict of the jury shall be in writing, signed by the foreman, and returned to the judge in open court." Ariz. R.Crim. P. 23.1(a). The issue before us is whether a foreperson can "sign" a verdict by writing a juror number on the signature line rather than by writing a name.

¶ 9 In interpreting Rule 23.1(a), we apply the same principles of construction we use in construing statutes. *Byers–Watts v. Parker,* 199 Ariz. 466, 469, ¶ 10, 18 P.3d 1265, 1268 (App.2001). Therefore, to determine the supreme court's intent in adopting Rule 23.1(a), we look first to its language and will ascribe plain meaning to its terms unless they are ambiguous. *Id.* If the terms are ambiguous, we will employ other principles of construction, such as interpreting the rule in conjunction with other rules relating to the same subject matter. *Id.*

¶ 10 McIntosh argues that while Rule 23.1(a) does not explicitly require the jury foreperson to sign his or her name to the verdict, the plain meaning of the word "sign" in Rule 23.1(a) mandates this conclusion. To determine the ordinary meaning of the word "sign," we may refer to an established and widely used dictionary. *State v. Wise,* 137 Ariz. 468, 470 n. 3, 671 P.2d 909, 911 n. 3 (1983). According to Black's Law Dictionary

1386 (7th ed.1999), the verb "sign" means "[t]o identify (a record) by means of a signature, mark, or other symbol with the intent to authenticate it as an act or agreement of the person identifying it." Thus, although one conventionally signs a document by writing a name, the plain meaning of the word "sign" does not constrict the manner of signature. As long as the mark used evidences authentication of the verdict by the jury foreperson, Rule 23.1(a) is satisfied.

¶ 11 Review of Rule 23.4 further supports a conclusion that the supreme court did not intend to restrict the manner of signature referenced in Rule 23.1(a) to a name. In 2004, the supreme court amended Rule 23.4, which sets forth the method of polling a jury after the verdict is returned, to provide that "the judge and clerk shall not identify the individual jurors by name, but shall use such other methods or form of identification as may be appropriate to ensure an accurate record of the poll and to accommodate the jurors' privacy." Thus, because Rule 23.4 evidences the supreme court's intent that jurors' privacy be protected in the polling process, it is reasonable to conclude that it further intended to allow a foreperson to sign the verdict in a manner that satisfies the authentication purpose of Rule 23.1(a) yet protects that person's privacy.

¶ 12 Here, the jury foreman did not sign the verdict form in the conventional manner, with his name, but instead followed the court's instruction and signed it with his juror number. We presume the jury followed the court's instruction and that the presence of the notation "[Juror] # 7" on the signature line of the verdict form signifies that the jury foreman attested to the verdict as the unanimous verdict of the jury. *State v. Ramirez,* 178 Ariz. 116, 127, 871 P.2d 237, 248 (1994) ("[A]bsent some evidence to the contrary, we presume that the jury read and followed the relevant instruction."). The validity of this presumption is further supported by the oral acceptance of the guilty verdict in open court by the jurors, without dissent. Consequently, by writing his juror number on the signature line for the verdict,

late Procedure 28(b). *Fenn v. Fenn,* 174 Ariz.

84, 85, 847 P.2d 129, 130 (App.1993).

the foreman expressed his intent to validate the verdict, thereby properly signing the verdict pursuant to Rule 23.1(a). We do not discern error, much less fundamental or structural error.

## CONCLUSION

¶ 13 For the foregoing reasons, and for those set forth in the memorandum decision filed this date, we affirm McIntosh's conviction and resulting sentence.

CONCURRING: PATRICIA K. NORRIS and JOHN C. GEMMILL, Judges.