263 P.3d 694

**ALLSTATE UTILITY CONSTRUCTION, LLC, an Arizona limited liability company, Plaintiff/Appellant,**

**v.**

**TOWNE BANK OF ARIZONA, an Arizona bank, Defendant/Appellee.**

Nos. 1 CA–CV 10–0556, 1 CA–CV 10–0747.

Court of Appeals of Arizona, Division 1, Department E.

Oct. 25, 2011.

**146**

Jackson White PC by Aaron M. Finter, Roger R. Foote, Nathanial J. Hill, Mesa, Attorneys for Plaintiff/Appellant.

Gust Rosenfeld PLC by Timothy W. Barton, Adam L. Wilkes, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

JOHNSEN, Judge.

¶ 1 The superior court held a construction lien invalid because it concluded the claimant's preliminary 20–day notice and notice of service failed to comply with the statutory requirements. We reverse, holding that a preliminary 20–day notice need not necessarily contain the handwritten signature of the claimant, nor is a notice and claim of lien necessarily invalidated by the claimant's failure to deliver a form of acknowledgment to the recipient upon service of the 20–day notice. We also hold that a notice and claim of lien is not invalidated by the claimant's failure to prove the time of day it mailed the 20–day notice.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 Allstate Utility Company, L.L.C., contracted to perform work on property owned by ALC Builders, Inc. Allstate began work on April 2, 2007. Pursuant to Arizona Revised Statutes ("A.R.S.") section 33–992.01 (2007), Allstate served a preliminary 20–day notice on ALC Builders by first-class mail on April 16, 2007. Allstate recorded a construction lien against the property on August 5, 2008, alleging ALC Builders owed it $112,351.38. Pursuant to A.R.S. § 33–993 (2007), Allstate attached to its lien a copy of the preliminary 20–day notice it had served on ALC Builders.

¶ 3 Allstate eventually filed a complaint seeking to foreclose its lien. Among the defendants in the suit was Towne Bank of Arizona, which had made a construction loan to ALC Builders secured by a deed of trust recorded on May 10, 2007. On cross motions for summary judgment on Allstate's claim against Towne Bank, the superior court entered judgment pursuant to Arizona Rule of Civil Procedure 54(b) in favor of Towne Bank. We have jurisdiction of Allstate's appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12–2101(B) (2003).

## DISCUSSION

### A. Standard of Review.

¶ 4 Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1). We review a grant of summary judgment *de novo*, viewing "all facts and reasonable inferences therefrom in the light most favorable to the party" against which judgment was entered. *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 315, 316, ¶¶ 2, 8, 965 P.2d 47, 49, 50 (App.1998).

### B. Allstate's Lien Is Valid.

¶ 5 Towne Bank concedes that if Allstate's lien is valid, it has priority over Towne Bank's deed of trust. As in the superior court, however, Towne Bank argues the Allstate lien is invalid in several respects. We address each of Towne Bank's arguments in turn.

#### 1. The 20–day notice was properly "signed."

¶ 6 Towne Bank first argues Allstate's preliminary 20–day notice was defective because it was not properly signed pursuant to A.R.S. § 33–992.01(C). That provision recites the information that a 20–day notice "shall contain." *Id.* Although § 33–992.01(C) requires the notice to include "[t]he name and address of the person furnishing labor, professional services,

materials, machinery, fixtures or tools," it does not specify that the notice must be "signed" by the claimant. *See* A.R.S. § 33–992.01(C)(2). Subpart (D) of the statute, however, sets out a form of notice and states that the "notice given by any claimant shall follow substantially [that] form." A.R.S. § 33–992.01(D). The form includes lines labeled "Company name" and "Signature," as well as "Title."

¶ 7 Assuming for purposes of argument that the law requires a 20–day notice to contain the "signature" of a claimant, the act of signing a document "is not limited to manual, handwritten signatures." *Haywood Sec., Inc. v. Ehrlich,* 214 Ariz. 114, 116, ¶ 13, 149 P.3d 738, 740 (2007). A party "signs" a document by marking the document with the intention to authenticate it. *See id.* at 117, ¶ 15, 149 P.3d at 741. In *Haywood,* our supreme court held a judge's electronic signature "clearly manifested the superior court judge's intent to authenticate" the document and complied with statutory signature requirements. *Id.; see State v. McIntosh,* 213 Ariz. 579, 581, ¶ 10, 146 P.3d 80, 82 (App. 2006) (juror "sign[ed]" verdict form as required by Arizona Rule of Criminal Procedure 23.1(a) by affixing his juror number rather than his signature) (citing Black's Law Dictionary 1386 (7th ed. 1999) ("sign" means "[t]o identify (a record) by means of a signature, mark, or other symbol with the intent to authenticate it as an act or agreement of the person identifying it.")); Restatement (Second) of Contracts § 134 (1981) ("The signature to a memorandum may be any symbol made or adopted with an intention, actual or apparent, to authenticate the writing as that of the signer.").

¶ 8 Allstate's 20–day notice plainly named Allstate as the claimant; in the space labeled "signature," the notice stated, "SIGNATURE AND TITLE ON FILE." The notice also recited Allstate's address and telephone number. According to an affidavit by the vice president of the lien servicing company Allstate hired to handle the matter, it has used the "signature on file" method to prove its clients' authentication of 20–day notices for more than 30 years without objection.

¶ 9 On these facts and under the authorities cited above, we reject Towne Bank's argument that the 20–day notice was ineffective because it lacked a handwritten signature by a representative of Allstate. As a matter of law, Allstate's name, along with the other information and the notation that the claimant's "signature and title" were "on file," were sufficient to manifest Allstate's intention to authenticate the notice.

**2. Towne Bank offered insufficient proof that Allstate's preliminary 20–day notice was defective because certain type was too small.**

[redacted] ¶ 10 Section 33–992.01(D) requires the preliminary 20–day notice to warn the property owner or other recipient that it has only 10 days to correct any inaccuracies in the notice. The statute provides that the warning "be in type at least as large as the largest type otherwise on the document." A.R.S. § 33–992.01(D). Towne Bank argues Allstate's notice was invalid because the warning language was not as large as the largest type otherwise on the document.

¶ 11 We have inspected the copy of Allstate's notice in the record before the superior court on summary judgment, and we do not discern that the typeface size of the warning language is different than the size of any other language in the notice. In the absence of evidence offered by Towne Bank to the contrary, this attack on the form of Allstate's notice fails.

**3. The omission of an acknowledgment form does not invalidate the 20–day notice.**

[redacted] ¶ 12 Towne Bank next argues Allstate's lien is invalid because the copy of the preliminary 20–day notice that Allstate averred it served on ALC Builders lacked a form by which ALC Builders could acknowledge receipt of the notice.

¶ 13 Pursuant to A.R.S. § 33–993(A), a lien claimant must state under oath, *inter alia,* that it gave the preliminary 20–day notice required by A.R.S. § 33–992.01, and it must attach "the proof of mailing required by § 33–992.02." *See* A.R.S. § 33–981(D) ("A person required to give preliminary twenty

day notice pursuant to § 33–992.01 is entitled to enforce the lien rights provided for in this section only if he has given such notice and has made proof of service pursuant to § 33–992.02."). A claimant may prove that it served the 20–day notice by recording an acknowledgment of receipt executed by the recipient of the notice. A.R.S. § 33–992.02(1). Alternatively, the claimant may prove it served the notice by recording an affidavit of service. A.R.S. § 33–992.02(2). *See MLM Const. Co., Inc. v. Pace Corp.*, 172 Ariz. 226, 232, 836 P.2d 439, 445 (App.1992) (statute requires claimant to prove that it served the notice "either by obtaining the recipients' signatures on written documents acknowledging receipt or 'by affidavit of the person making such service'") (citing A.R.S. § 33–992.02).

¶ 14 On summary judgment, it was undisputed that the copy of the 20–day notice that Allstate recorded with its notice and claim of lien lacked a form by which ALC Builders could acknowledge receipt of the 20–day notice. After the superior court entered judgment against it, Allstate filed a motion for reconsideration and motion for new trial, arguing that it just discovered that the 20–day notice it mailed to ALC Builders did indeed contain an acknowledgment form. On appeal, Allstate argues the superior court abused its discretion by denying its motion for reconsideration and motion for new trial. We do not reach that argument, however, because we conclude that the failure to provide an acknowledgment form to the recipient of a preliminary 20–day notice does not invalidate the notice or the subsequent notice and claim of lien.

¶ 15 Section 33–992.01(C), which recites the information that a 20–day notice "shall contain," makes no reference to an acknowledgment. Nevertheless, as we have said, subpart (D) of the same statute provides a form of the 20–day notice and states that the notice "shall follow [the form] substantially." The form of notice set out in subpart (D) states that "[a]cknowledgement of receipt language ... shall be inserted" at the bottom of the notice. To the extent that subpart (D) might require a 20–day notice to include an element not otherwise specified by subpart (C), the question is whether a lien claimant has not "follow[ed] substantially" the statutory requirement if the notice it serves does not contain an acknowledgment provision.

¶ 16 The acknowledgment form that Towne Bank argues a claimant must deliver with its 20–day notice serves no purpose unless and until the recipient signs it. Once the acknowledgment is signed, the claimant may record it to establish proof of service. But the claimant does not require a signed acknowledgment to prove it served the 20–day notice; in the absence of a signed acknowledgment, the claimant may prove it served the notice by recording an affidavit of service. Nor, if blank, does an acknowledgment form provide the recipient of the 20–day notice with any information about the potential lien claim. For these reasons, we conclude that a claimant's failure to attach an acknowledgment form to its preliminary 20–day notice does not, by itself, invalidate the notice or the lien. When a properly served preliminary 20–day notice contains the other information the law requires, we hold the notice has "substantially" complied with § 33–992.01 even if it fails to include an acknowledgment of receipt form. *See Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 431, 561 P.2d 750, 755 (App.1977) (in interpreting lien statutes, "substantial compliance not inconsistent with the legislative purpose is sufficient").

### 4. The proof of service was adequate.

¶ 17 To prove it served its preliminary 20–day notice on ALC Builders pursuant to A.R.S. § 33–993(A)(6), Allstate recorded an affidavit of service. Although Towne Bank concedes on appeal that Allstate served its notice on ALC Builders, it argues Allstate's lien is ineffective because the affidavit of service Allstate recorded lacked the time, place and manner of mailing and the name, address and title of the person or entity to which the notice was directed.

¶ 18 The requirements for an affidavit of service of a 20–day notice are as follows:

> [P]roof of mailing may be made by affidavit of the person making the mailing, showing the time, place and manner of mailing and facts showing that such service was

made in accordance with § 33–992.01. The affidavit shall show the name and address of the person to whom a copy of the preliminary twenty day notice was mailed, and, if appropriate, the title or capacity in which he was given the notice. If mailing was made by first class mail sent with a certificate of mailing, the certificate of mailing shall be attached to the affidavit. A.R.S. § 33–992.02(2).

¶ 19 Allstate's affidavit of service recited the date ("April 16, 2007"), place ("Phoenix, AZ") and manner of mailing ("first class mail"). The affidavit and its attachment also contained the name and address of the entity to which the notice was mailed ("A L C Builders, Inc., [street address], Queen Creek, AZ 85242"). Contrary to Towne Bank's contention, therefore, Allstate's affidavit of service stated the date, place and manner of service; it also contained the name and address of the entity to which the notice was mailed.

¶ 20 We reject Towne Bank's lone remaining argument about the form of the service certificate, which is that the certificate is ineffective because it did not state the time of day that the notice was mailed to ALC.[1] The cases provide no support for Towne Bank's contention that a technicality of that nature dooms a claimant's lien. Further, Towne Bank cites nothing in the scheme of the lien statutes to which the precise time of day that a 20–day notice is mailed might be relevant. *See, e.g.,* A.R.S. § 33–992.01(C) (20–day notice "shall be given not later than twenty days after the claimant has first furnished labor, professional services, materials, machinery, fixtures or tools").

¶ 21 In addressing another challenge to a lien, our supreme court stated in *Columbia Group, Inc. v. Jackson,* 151 Ariz. 76, 79, 725 P.2d 1110, 1113 (1986), "We have repeatedly held that the mechanics' and materialmen's lien statutes are remedial and are to be liberally construed in favor of materialmen. Substantial compliance with the statutes, not inconsistent with the legislative purpose, is sufficient." (Citations omitted.)

¶ 22 The lien statutes generally have two purposes: To protect laborers and materialmen who have provided goods and services, and to protect the right of property owners to notice of lien claims against them. *See Kerr–McGee Oil Ind., Inc. v. McCray,* 89 Ariz. 307, 311, 361 P.2d 734, 736 (1961); *Lewis,* 114 Ariz. at 431, 561 P.2d at 755. Requiring the affidavit of service to include the precise time of day that the 20–day notice was mailed serves neither of these purposes. Particularly given Towne Bank's concession that Allstate served its notice on ALC Builders, we do not accept its contention that Allstate's lien fails because the service certificate does not state the time of day the notice was mailed.

### CONCLUSION

¶ 23 For the reasons stated above, we conclude the superior court erred in entering summary judgment in favor of Towne Bank. Because the record contains no genuine issue of material fact, Allstate is entitled to judgment as a matter of law on its claim against Towne Bank. Accordingly, we reverse the judgment in favor of Towne Bank; on remand, the superior court shall enter judgment in favor of Allstate and conduct any other appropriate proceedings consistent with this decision. We grant Allstate's request for costs and fees on appeal pursuant to A.R.S. § 33–998(B) (2007), upon compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: PATRICA A. OROZCO and DONN KESSLER, Judges.

---

1. Because the notice was mailed to an entity, not to a person on behalf of the entity, the statute's reference to "title" is not relevant.